FRUGE, Judge ad hoc.
This is a boundary action instituted by plaintiffs 'against the defendant, John W. Patenotte. Plaintiffs allege that they are the owners of a certain .parcel of property situated in the City of Hammond, Tangipa-hoa Parish, Louisiana, and described as follows: “A certain lot or parcel of ground being West 100 feet of Lots Nine (9) and Eleven (11) of Square 17, as per plan of the Iowa-Louisiana land and lot addition to the said City of Hammond, measuring 100 feet on Cherry Street toy 100 feet on Merry Avenue, which property was acquired toy them by deed recorded in Conveyance 'Book 155 at Page 601, Tangipahoa Parish records.”
Their property is bounded on the north iby the property belonging to John W. Pat- *63 enotte, the defendant. Plaintiffs claim that they have endeavored to obtain the consent of the defendant to fix the boundary line extrajudicially hut the defendant has refused to do so, and they maintain that he is claiming .the ownership of a strip of land .approximately 10% feet in width ■along the northern side of their property and that he has taken unlawful possession thereof.
An order signed by the Trial Judge appointing C. M. Moore, Civil Engineer and Surveyor, to inspect the property and survey the same, and fix the boundary line between plaintiffs and defendant, and to report the results of said survey to the Court according to law was in evidence.
The defendant, John W. Patenotte, contends that the boundary line between he and plaintiffs was fixed many years ago and that the line has been so acknowledged and recognized for a period of more than 30 years. He further asked -the Court that T. A. Tycer, parish surveyor of the parish of Tangipahoa be ordered to make a survey of the boundary line between the properties and that the whole limits of- Square No. 17 be surveyed and platted by the surveyor. . Accordingly an order was issued appointing T. A. Tycer, civil engineer'and surveyor, to inspect the property in dispute and make a survey thereof and fix a boundary between plaintiffs’ and defendant’s property.
Both engineers inspected the property and both of their surveys were presented to the Court.
After trial on the merits, judgment was rendered approving and homologating the survey and proces verbal of the surveyor, T. A. Tycer, and ordering that the boundary line between the respective properties of plaintiffs and defendant, namely the line between Lots 9 and 7 of Square No. 17 of the Iowa-Louisiana Land, and Lot Company Addition to the City of Hammond, be fixed in accordance with the said proces verbal and survey of T. A. Tycer, parish, surveyor, and ordering said T. A. Tycer to proceed and establish the lines between said properties by appropriate marks.
The surveyors differed in their location, of' the disputed line. The plaintiffs contend that the survey made by Mr. Moore-is correct, and the defendant claims that the survey made by Mr. Tycer is the correct location of the boundary line between-their properties.
The surveys made by the two surveyors-appointed in this case to establish the boundary ' line both agreed that there was an excess amount of ground in Square No. 17' of the Iowa-Louisiana Land and Lot Company Addition to the City ‘of Hammond,, and under these circumstances this Court is of the opinion that Article 462.36 of the-Louisiana Code of Practice should apply.. The article provides that when there is a surplus of property in a square of ground, such surplus should be apportioned among-the lot owners in such a square. In this case that was exactly what was done by Mr. Tycer, the surveyor whose plat of survey was approved by the lower court.'
We think that to accept the survey of Mr. Tycer is to settle the matter in a fair, just and equitable' manner. If the survey of Mr. Moore were to be accepted all of that section of the Iowa-Louisiana Land' and Lot Company Addition to the City of Hammond would be disrupted and it has already been built up and at the present-time is thickly populated. , The result would be that hundreds of other property owners-would have to change their property lines..
The plaintiffs-appellants contend that the survey made by Mr. Moore was made by using a recognized point of beginning which is located at the Southwest corner of Square 58 of the original Hyers Survey of the City of Hammond and from this point he measured his distances in accordance-with a plat of survey of the Iowa-Louisiana Land and Lot Company Addition to the City of Hammond which is on file in the-office of the Clerk of Court. Plaintiffs contend that this Hyers Survey is the official map to the City of Hammond. The lower court found from the evidence produced on the .trial of this. case that .there does not appear to be in existence an official map of the City of Hammond, giving correct measurements of the various blocks, lots, and streets in the city.
*64 Plaintiffs contend- that according to. this official plat of the City of. Hammond the strip of land on the south side of Square 17, which their property bounds and is used for a street is not in the location of the street as originally dedicated and surveyed on the official map of the Town. They allege that it is 9% feet, more- or less, too far to the south, and- they fear that the Town of Hammond may claim part of their property for the street in the future in accordance with that plat of survey which -they contend is the official plat of survey. The survey made by Tycer, which was approved by the lower court gives to plaintiffs all of the property they are. entitled to, that is, 100 feet by 100 feet and being the west 100 feet of Lots 9 and 11 of Square No. 17.
There is no need for plaintiffs to fear that the Town may claim title to the southern 9y2 feet of their property in the future because this judgment affirming the judgment of the lower court does not recognize that the Hyers Survey is the official plat of the City of Hammond and any future litigation concerning this property would be guided accordingly. Further, as a practical matter, this section is built up and thickly populated; the, street on the southern side of Square 17 is a hard surfaced street and it. is difficult to believe that the City of Hammond would incur so great of an expense in changing their streets in this addition.
For the reasons assigned, the judgment appealed from is affirmed; all costs to be paid by plaintiffs.