ELLIS, Judge.
This is a petitory action which involves a piece of property about six or eight feet in width by approximately, seventy-eight feet in length located in the unnumbered square in 'the City of Hammond, Louisiana, and bounded by Thomas, Holly, Orange and Morris Streets.
Plaintiff alleges that he is the true and lawful owner of the following described property, to-wit:
“One parcel of ground in the unnumbered square bounded by Thomas, Holly, Orange and Morris Streets, in the City of Hammond, which said parcel is described according to survey of C. M. Moore, dated November 11th, 1952, as beginning at a point on the South line of Thomas Street, 150 feet, West of the Northeast corner of said square; run south at right angles 96 feet more or less, to Section line, between Sections 24 and 25; thence run westerly 80 feet more or less along said section line; then run north 78 feet more or less to a point on the south line of Thomas Street which is 72 feet West of the point of beginning; then run East along the south line of Thomas Street 72 feet to the said point of beginning.” (Emphasis added.)
and that the six or eight feet in dispute is included in the above description.
Plaintiff then alleges that the defendant had purchased the following described property:
“A certain tract of land lying in the City of Hammond, Parish of Tangi-pahoa, State of Louisiana, particularly described as follows: Beginning at a point which is the intersection of Thomas and Holly Streets, in said City of Hammond, thence measure along the South side of said Thomas St. and parallel thereof. A distance of 78 feet; thence Southerly a distance of 100 feet; thence at right angles a distance of- 78 feet, parallel with the North line thereof to the East Boundary line of Holly St.; thence at right angles due North on the East boundary line of Holly St.; thence at right angles due north on the East boundary line of Holly St., a distance of 100 feet to point of beginning, comprising a tract of landmeasuring approximately 78 .feet, facing on Thomas St. by 100 feet on Holly St.”
and also alleged that the defendant purchased this land from Daniel W. Wolf and Jacob Wolf by act recorded in COB 91, page 331 of the official records of the Parish of Tangipahoa, State of Louisiana, and, of course, that the land in dispute is *108 not included within the description in defendant’s deed.
A trial in the District Court resulted in a judgment for the defendant and against the plaintiff recognizing the former as the owner of the property in dispute, from which judgment the plaintiff has appealed. For a better understanding we produce below a copy of the map made by Clifford G. Webb, Civil Engineer which was accepted by the lower court as correct.

*109 The unnumbered square involved in this litigation is supposed to be 300 feet along the south side of East Thomas Street of which the Capitol Store has ISO feet, the plaintiff is supposed to have 72 feet and the defendant 78 feet, which totals the 300 feet. The defendant June has the most ancient title and is therefore entitled to his land first or in preference to the plaintiff. Let us examine the title of the defendant sufficiently to identify exactly what he purchased, which will necessitate an examination of previous titles in his chain. There are two separate pieces of property involved in the defendant’s chain of title. One piece is shown on the map as A to B, South to C, West to D and Northwest along the quarter section line to A, the point of beginning, and which is shown as being two and five-hundredths feet wide on the north end and seventeen and four-hundredths feet wide at the south end. The map will also show the location of the old Poirier building and the location of the new Poirier building, and it is the latter which extends on the south 2.9 feet into the piece of property just described as being somewhat in a triangular shape on the south and four and twelve-hundredths feet on the north. On the north it is shown not only to take up the two and five-hundredths feet but to extend across the quarter-section line an additional distance of two and seven-hundredths feet. One of the defendant’s ancestors in title, the Hammond Building and Manufacturing Company, acquired this property from Peter Ard on the 19th day of April, 1906 under the following description :
“All that certain lot or parcel of land situate in the Town of Hammond, Parish of Tangipahoa, State of Louisiana, described as follows: commence at southwest corner of the SE14 of Section 24 Town. Six (6) S. Range 7 E. measure North on the west line of said quarter Section seventy-two (72) feet, thence East two (2) feet thence Southerly seventy-four (74) feet, thence west on the South line of said quarter Section seventeen (17) feet to point of beginning, bounded west by Hammond Bldg. & Mfg. Co.”
It is to be noted that this piece of property as described in the deed is “bounded west by Hammond Bldg. & Mfg. Co.,”. It is shown in the record and in one of the deeds that the Hammond Bldg. & Mfg. Co. was a partnership composed of the authors in title of the defendant. There can be no question about the location of the property described in the deed from Peter Ard to Hammond Building and Manufacturing Company as the west side or boundary is the quarter section line.
If plaintiff has any title to this piece of property shown on the map and not included within the walls of the June building, it would have to come from Peter Ard to one of his ancestors in title, Walter A. Reed, on May 15, 1913 and recorded in COB 68, page 700, and which is described in said deed as follows:
“All that part of an li/s acres of land, with the improvements thereon, being in SW corner of W% of SEJ4 Section 24-6-7, Parish of Tangipahoa, Louisiana and about 345 yards East of ICRR, which is all the South side of Thomas Street fronting about 219 feet on said Thomas Street and extending back of Right Angles about 101 ft. lying between parallel lines, and being a part of the same property acquired by vendor of Ellen Ard et al. * * * ”
The above described property is to the east of the property described in the deed from Peter Ard to Hammond Building and Manufacturing Company, and thence to the defendant, and even had he intended to transfer the same property it would be null and void and of no effect insofar as the defendant is concerned because his ancestor in title, Hammond Building and Manufacturing Company had already acquired the property from Peter Ard in 1906.
There were three surveys and maps made of plaintiff’s and defendant’s properties, and *110 all agree and show that defendant’s property extends, or rather his building as shown on the Webb map, supra, extends into Holly Street 2.6 feet if we use the starting point which was the basis of the survey by Tycer and which plaintiff contends should be accepted rather than the Webb or Moore survey. Tycer’s starting point was 1,185 feet from the center of the north main of the Illinois Central Railroad which runs through the city of Hammond, Louisiana. This starting point was also checked as shown on the Webb map and with the same result, that the defendant’s building would be 2.6 feet in Holly Street from the intersection of Holly and East Thomas Street. Plaintiff contends that the proper starting point to locate the intersection of East Thomas and Holly Street would be in accordance with the Hyers Survey which was the official plat of the City of Hammond, but the District Court held that there was no official plat of the City of Hammond in view of the fact that the District Court in the case of Thomas v. Patenotte, La.App., 47 So.2d 62, had rejected the Hyers Survey of the City of Hammond as the official map and this court had affirmed the judgment of the District Court in that case. While our learned brother is correct in his statement, this court did not pass on the question of whether the Hyers survey was properly rejected or not but affirmed the judgment of the District Court on the basis of the following finding of fact as stated in that opinion to-wit:
“We think that to accept the survey of Mr. Tycer is to settle the matter in a fair, just and equitable manner. If the survey of Mr. Moore were to be accepted, all of that section of the Iowa-Louisiana Land and Lot Company Addition to the City of Plammond would be- disrupted and it has already been built up and at the present time is thickly populated. The result would be that hundreds of other property owners would have to change their property lines.”
Plaintiff contends that if the defendant were given the piece from A to B to C to D shown on the Webb map, and then from A to a point 8.75 feet east of the point fixed as the intersection of Holly and East Thomas Street by the Webb Survey as the correct intersection of Holly and East Thomas as per title of A. B. Landsphere to D. P. Bates and Jacob Wolf COB 25, pg. 363 and, in addition, the 8.75 feet west of this point of the intersection of Holly and East Thomas Street as fixed in the Tycer survey, which would exclude the 2.6 feet of June's building that extends in the street, it would be giving the defendant approximately 86.8 feet when his title only calls far 78 feet along the south of East Thomas Street.
As we view the matter it is immaterial' whether Webb is correct in his location of this intersection of Holly and East Thomas-Street or whether Tycer is correct in his-location of the intersection of the two-streets, for as previously stated the defendant’s property involved in this suit was made up of two separate pieces which came through a common author of title, and one of which viz., that measuring 2.5 feet in width on the north and 17.4 feet width on-the south end, has previously been discussed. Let us examine the chain of title of defendant’s property which adjoins the piece previously discussed on the east, and' which went along East Thomas street to-the intersection of the latter street with-Holly Street. This piece of property is shown and described in the title from Cate-to Landsphere, in COB 22, page 77 of the-conveyance records of Tangipahoa Parish, dated December 27, 1892 and also from Landsphere to D. B. Bates and Jacob Wolf as recorded in COB 25, page 363 on March 18, 1895, and which form the basis of the Webb survey, as follows:
“Beginning at a stake that marks the corner of Thomas and Holly Streets and running south on Holly Street 150 feet to land owned by C. E. Wood; thence East on said Woods line 42 feet to Y2 section line of Section 24; thence north on this line 154 feet to Thomas, Street; thence West on Thomas. *111 Street 76 feet to point of beginning Emphasis added.
Although it will be noted that in this description the quarter section line is referred to as the half section line, it is the same section line that has formed the western boundary of the small piece of ground which came to the defendant by various conveyances from Peter Ard, and therefore the two pieces are contiguous. An analysis of the description last quoted clearly shows that it makes no difference whether the Tycer point of intersection of Thomas and Holly Streets is correct or the Webb point of intersection of the two streets, for the simple reason that the eastern boundary of the described piece of land is formed by the quarter section line, and runs to the south boundary of East Thomas Street, and thence to the point of beginning which would be the intersection of East Thomas and Holly Streets wherever it might be and however far distant it might be to the west. The seventy-six feet is not controlling if the distance is greater from the point where the quarter section crosses the south boundary of East Thomas Street to the West to the correct point of intersection of the two streets. We believe, however, that the District Judge was correct in accepting the point of intersection as shown on the Webb survey, supra, as the immediate vendors of the defendant described the length of the latter’s property line along East Thomas Street as 78 feet, which would be the 76 plus the 2.5 feet, or a total of 78.5 feet, from the intersection of East Thomas and Holly Streets to the Northeast corner of the defendant’s property fronting on East Thomas Street.
Mr. Tycer, Parish Surveyor, and most competent, testified that if this square were 300 feet front on East Thomas Street and the defendant had 78 feet and the Capitol Stores 150 feet, and as the title of the plaintiff called for 72 feet, each could get his proper amount of frontage or ground. However, even if the square does not contain the 300 feet, the defendant under the law would be entitled to a frontage on East Thomas from the point where the east line of the Peter Ard property intersects the South line of East Thomas Street westerly to wherever the intersection of the two streets might actually be located. It is no concern of the plaintiff whether the defendant’s property on the west extends into the street 2.6 feet or 11.3 feet, for his eastern boundary is definitely fixed and located as the line “B-C” shown on the Webb map. Mr. Tycer, in making his survey and map, testified positively that he did not consider the description as contained in the deed from Peter Ard to Landsphere and on down to the defendant, and also stated that had he done so it would have been in accord with the Webb survey insofar as the east boundary line of the defendant’s property was concerned. Both the Tycer and Webb maps are correct when considered in the light of the description used to make the survey. Mr. Tycer, however, did not go far enough and use the Peter Ard description for the East boundary line of the defendant’s property, nor did he confine himself to the Land-sphere to Bates and Wolf deed recorded in COB 25, page 363 in ascertaining the length of the defendant’s north boundary line from the intersection point of the quarter section line and south line of East Thomas Street. It appears that Mr. Tycer took his starting point from the center line of the north main of the Illinois Central -Railroad and ran 1,185 feet in order to get the intersection and then proceeded to give the defendant 78 feet, however, this is -not the way the description in the two chains of title leading to a common ancestor of the defendant show that they should be interpreted. We reiterate that the defendant is entitled to all land west of the line “BC” to the East boundary line of Holly Street wherever and whatever distance it might be from point B.
For the above and foregoing reasons the judgment of the District Court is hereby affirmed.