No. 264.—WELLS & JONES et al. *v.* CALDWELL & COX et al.

Where, in an action of boundary between certain lot owners in the city of Shreveport, a survey has been made by the city surveyor, and by other surveyors who differ with the city surveyor in their marks and lines, and the weight of the testimony is in favor of the correctness of the survey, marks and lines made by the city surveyor, then and in such case judgment will be given in favor of the boundaries established by the city surveyor.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee, J. Wells & Jones,* for plaintiffs and appellees. *Nutt & Leonard* and *R. J. Looney,* for defendants and appellants.

TALIAFERRO, J. This is an action of boundary. It involves the settlement of the proper boundaries between the ten-acre lots numbered 32. 33 and 34, in the city of Shreveport.

The plaintiffs allege that the boundaries between these lots, as fixed by Hall in the year 1843, under authority of the original Shreveport Company, are no longer to be seen, and in consequence the adjacent proprietors have encroached upon their lot, No. 33, and that it becomes necessary that the proper limits between the lots named should be fixed anew.

The defendants deny these allegations, and say there is no loss or obliteration of boundaries between the lots in question, but, on the contrary, that they are clear, distinct and well defined; that these boundaries have been for years recognized by the city authorities and the owners of adjacent lots. They aver that the centre line of Sprague street, at its intersection with Common street, has from time immemorial been recognized as the starting point of the surveys of the ten-acre lots of Shreveport, and established by forty years' usage and undisputed until now by the plaintiffs. The defendants annex to and make part of their answer the survey and report of W. R. Devoe, the city surveyor of Shreveport, who, together with H. Watts and F. P. Leavenworth, surveyors, were appointed by the court to make surveys of the disputed limits and return a procès verbal of their work.

The separate survey and report of the city surveyor, relied upon by defendants and made part of their answer, is marked C. The other experts presented a report, which is in evidence.

The judgment of the lower court, predicated upon the report of Watts and Leavenworth, was rendered in favor of the plaintiffs, and the defendants have appealed.

A difference of opinion arose between the surveyors in regard to the essential matter of the true starting point, two of them adopting what is called the "rock corner," recognized by some as an ancient landmark of Hall, the surveyor, in 1843, of the ten-acre lots. The city surveyor, on the other hand, adopts the point of intersection of the centre line of Sprague street with Common street.

We had occasion to examine recently, in the case of Robeson v. Howell, a mass of evidence on a question of boundary which involved both the authenticity and the accuracy of the point called the "rock corner," as indicating the true corner of the ten-acre lots six and seven and the fractional lots fourteen and fifteen. We came to the conclusion that it was not so established. The evidence in the present case tends to strengthen us in that opinion and to conclude that the survey made by the city surveyor and appended to the defendants' answer, should be adopted, and the boundaries between the litigants in this case be thereby established.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the boundaries between the ten-acre lots numbered 32, 33 and 34 be established as ascertained by the lines run, marked and designated by William R. Devoe, city surveyor of Shreveport, and displayed and expressed in his map of survey and report accompanying the same, and which are filed in evidence in this case. It is further ordered that the plaintiffs pay costs of this suit.