BRUNOT, Justice.
 

 This suit involves the title to land situated in township 15, S., R. 2 West, in Vermilion parish, La. The defendant denied the plaintiff’s alleged ownership of any part of the land described, in paragraph 13 of his answer to the suit, and called his vendor thereof, the North American Land Company, Inc., in warranty. For answer to the call in warranty, the North American Land Company, Inc., denied the plaintiff’s alleged ownership of the said land, and averred that it conveyed to defendant a good and valid title thereto. The case went to trial on these issues. During the trial, the defendant filed a plea of estoppel, basing the plea on the J. B. Watkins patent, hereinafter quoted, and on the allegation that the plaintiff and its authors in title had knowledge that the land involved in this suit was conveyed by patent to J. B. Watkins many years prior to the issuance of ■the patent under which they claim. This plea was not passed upon by the trial judge, and, from our view of the case, we would serve no useful purpose by adjudging it.
 

 The trial resulted in a judgment rejecting the plaintiff’s demand, dismissing the suit at its cost, and reserving to the. defendant the right to sue for damages. On the motion-of the plaintiff, an order for a suspensive appeal was granted, and the appeal was perfected. At the outset, we quote from the-transcript a certified copy of the J. B. Watkins patent:
 

 “State of Louisiana. Patent No. 5184.
 

 “To all to whom these presents shall come,. Greeting. Whereas Jabez B. Watkins of the-City of Lawrence, in the State of Kansas,, purchased under the provisions, of Section No. 11 Act 75 of 1880 per Certificate Number 4474, N. S. D. dated May twenty fourth 18S3 the All outside of White Lake except sections Sixteen, Thirty-four, Thirty-five and. Thirty-six of Section Number, of Township-Number 15, South Range Number 2 West, in the Southwestern Land District containing: six thousand and 0/00 (Estimated)' 6000 00/ 100 acres according to the official plat of the survey of said lands in the State Land Office. Now know ye, that the State of Louisiana inconsideration of the premises, and in conformity with law in such case, made and provided, has given granted and sold, and by these presents does give, grant and sell, unto the said Jabez B. Watkins and to his. heirs and assignes, the above described lands to have and to hold the same, together with, all the rights," titles and Privileges thereunto-belonging unto the said Jabez B. Watkins and to his heirs and assignes forever. In testimony whereof, I, Samuel Douglas McEnery,. Governor of the State of Louisiana have-caused these letters to be made Patent and the seal of the State Land office to be hereunto affixed. Given under my hand at the City of Baton Rouge on the Twenty sixth day of May, in the year of our Lord, one-
 
 *957
 
 thousand eight hundred and Eighty-three, and of the independence of the United States the one hundred and seventh. By the Governor.
 

 “[Signed] S. D. MeEnery.
 

 “Record of Patent Vol. 22 a Page 85
 

 “[Signed] I. G. Richardson,
 

 “Register of State Land Office.
 

 “State of Louisiana, Parish of Vermilion.
 

 “I hereby certify that the foregoing and within is a true and correct copy of Patent, as appears of record in Volume 17 of Conveyances, at.page 129, Under No. 9016, on February 25, 1898.
 

 “Witness my hand and Seal of Office, at Abbeville, Louisiana, on this September 9th, A. D. 1930.
 

 “[Signed] Dewey Dubois, Dy. ■ Clerk of Court. [Trans, pp. 150, 151.]”
 

 On October 28, 1902, William Wright Heard, Governor of Louisiana, issued to John T. Michel a patent to 14,320, estimated, acres of land in Township 15 S., Range 2 W., Southwestern Land District, .parish of Vermilion. Immediately following the description of the sections, quarter sections, and fractional quarter sections of land conveyed by this patent, there appears therein, in parenthesis, the following words:
 

 “(except such portions thereof, if any, as may be conveyed by Patent No. 5184, Volume 23 page 84, issued to J. B. Watkins, May 26, 1883).” (Trans, p. 89.)
 

 The plaintiff is claiming under the Michel patent and the defendant under the Jabez B. Watkins patent. Both claimants trace their titles back to their respective patentees.
 

 The Watkins patent refers to the official plat of the survey of the lands conveyed by it, then in the state land office. The only survey then in the land office was one made under the authority of the federal government in 1845. Plaintiff offered a plat of this survey, on which there appears lines and markings designed to show the shore line of White Lake. Defendant offered in evidence a certified copy of the original survey on file in the general land office, which does not show any lines or markings indicating the shore line of White Lake. No attempt was made to show at what time, or by whom, or under what authority, the lines and markings of the plaintiff’s offering were made. It is manifest that the trial judge properly disregarded them. In his opinion, which we approve, the learned trial judge says:
 

 “Plaintiff contends that the Watkins Patent conveyed the sections and parts of sections lying outside of the shore line of White Lake, as that line was delineated on the State Land Office plats of this Township, and having an aggregate of 6,000.00 acres.
 

 • “If the patent to Watkins be so construed, it conveyed no title to Watkins in the land claimed by the plaintiff in this case, since the sections and parts of sections in controversy are all delineated as water (White Lake) on the State Land Office plats of this Township.
 

 “The evidence shows that Township 15 S. r. 2 West has never been surveyed by any official of either the State or Federal Government, with the exception of Pecan Island, which was surveyed under authority of the Federal Government, by Thomas Bilbo, in the year 1845.
 

 “If the defendant’s interpretation of the Watkins Grant is adopted, the State divested itself thereby of an area largely in excess
 
 *959
 
 of the area recited in the patent — in fact, more than double the acreage stated in the patent.
 

 “The rule is, it is true, that a meander line along a stream or body of water is not a boundary, but the body of water whose margin is meandered is the true boundary; but this rule has been held to apply only where the distance between such meander line and the actual shore line is comparatively small. It is not applied where, as here, the real shore line is distant from the supposed shore line, and there is a large area of land between the supposed shore line, as shown on the plat, and the actual shore line.
 

 “Applying the rule just stated to the situation presented here, there can be no sort of doubt that if the meander line along the southern shore of White Lake was a part of the plat relied on by the plaintiff, purporting to exhibit the Bilbo survey, at the time of the issuance of the Watkins Patent, Watkins did not acquire under such patent the land in controversy in this suit, and such would be the situation whether there had been an actual survey or not, the rule as to the effect of a reference to a plat being that when a grant refers to a plat, the plat itself, with all its notes, lines, descriptions and landmarks becomes a part of and controls the grant whether there had been an actual survey or not. In such a case what the. parties had before them and what their minds acted upon at the time of the issuance of thé patent, is the plat with the markings thereon.
 

 “If, however, the meander lines under consideration in this case did not appear upon the plat at the time of the issuance of the Watkins patent, it is equally clear that under the description given in the Watkins Grant, the latter acquired all the land up to the actual shore of White Lake.
 

 “If the meander line relied on by the plain-: tiff represented an actual survey under proper authority, the case would present no difficulty whatever, and plaintiff would be entitled to recover, but such is not the case, and while it is true that if the supposed shore line was a part of the plat at the time of the issuance of the Watkins patent, plaintiff would likewise, in such a situation, be entitled to judgment, there is nothing of record to show when this line was traced and it-is certain that no'such meander line appears upon the diagram representing the Bilbo survey on file in the General Land Office, a copy of which was offered in evidence by the defendant (See exhibit 9 by defendant) and it is just as likely as not that this line and the notes and memoranda appearing upon the plat were designed to exhibit the area and the limits of the Michel title.
 

 “It is true that the statutory authority under which Watkins purchased is Section II of Act 75 of 1880, and that the official who made the sale had no authority under the statute to make a sale by estimation of quantity, but the situation is that he did, in fact, make such a sale and it is now too late to annul it”
 

 It is too late to correct the error, because such errors are prescriptible in six years (Act No. 62 of 1912), and prescription had accrued many years before the Michel patent was issued.
 

 For the foregoing reasons, the judgment appealed from is affirmed, at appellant’s cost.