SAVOY, Judge.
This suit was instituted by plaintiffs against defendant as a boundary action to fix the boundary between their respective property. For a cause of action plaintiffs alleged they are the owners of the following described property situated in the Parish of Natchitoches, Louisiana, to-wit:
70 acres, more or less, being the E14 of Wi/2 of NW14, and Ei/2 of NW1/Í, Section 26, T6N, R6W, Natchitoches Parish, La., less 20 acres sold to McKnight in the Sy2 of Sy2 of NWj4, described in Book 116, Page 325, Records, Natchi-toches Parish, La., and less 30 acres reserved by W. H. Gerhart, described as starting at a point on the half section line 6 and 2/$ chains N of the SE corner of NWJ4, same being the NE corner of McKnight tract, on said half section line in Section 26, T6N, R6W, thence run *600 N IS chains along said half section line, thence W 10 chains, thence N 5 chains, thence W 10 chains, thence N 5 chains, thence W 10 chains, thence South 25 chains along the E boundary of McKnight 40-acre tract, thence E 30 chains along N boundary of McKnight 20-acre tract to the point of beginning, as is shown on deed recorded in Conveyance Book 128, page 583, Records, Natchi-toches Parish, La., bounded North and West by lands now or formerly of Clerk & Morse Lumber Company, South by lands now or formerly of Eugene Kerry, and East by lands now or formerly of Asa Beebe.
Plaintiffs allege further that defendant is the record owner of the following described property situated in the Parish of Natchitoches, Louisiana, to-wit:
Begin at a point on the half section line 6 and y¡ chains N of SE corner of NW and same being NE corner of the McKnight 20-acre tract on said half section line, in Section 26, T6N, R6W, run thence N 15 chains along said half section line, thence W 10 chains, thence N 5 chains, thence W 10 chains, thence N 5 chains, thence W 10 chains, thence South 25 chains on East boundary of old McKnight 40-acre tract, thence East 30 chains on N boundary of old McKnight 20-acre tract, to point of beginning, being same tract reserved by W. H. Gerhart in deed dated June 18, 1910, recorded in Book 128, Page 583, Conveyance Records, Natchi-toches Parish, La.
that the boundary between the property owned by plaintiffs and defendant has never been determined or fixed. Plaintiffs prayed further that the district judge appoint a registered surveyor to survey the property in question to make a report to the court, and that the court fix the boundary between the tracts owned by the respective parties in the instant suit.
Plaintiffs and defendant tracked their titles to their respective property through a common source, namely, W. H. Gerhart.
On June 18, 1910, W. H. Gerhart soli to Benjamin Kerry the following described', property situated in the Parish of Natchi-toches, Louisiana, to-wit:
Ei/2 of Wi/2 of NW14 and Ei/2 of NWJ4,. all in Section 26, Township 6 North,. Range 6 West, Natchitoches Parish, Louisiana, less 20 acres sold McKnight. in the Sy2 of Sj4 of NW>4, same section, township and range and less 30 acres of" same above-described land which is specially retained by this vendor, W. EL Gerhart and described as follows: Starting at a point on the half section line-chains N of the SE corner of the-NWj4 and same being the NE corner of" the McKnight 20 acre tract on said half section line in Section 26, Township 6 North, Range 6 West, Natchitoches Parish, Louisiana, run thence N 16-chains, along said half section line, thence W 10 chains, thence N 5 chains, thence W 10 chains, thence N 5 chains, thence-W 10 chains, thence S 25 chains on the east boundary line of the McKnight 40-acre tract, thence E 30 chains on the-north boundary line of the McKnight. 20-acre tract, to point of beginning,, making a total of 30 acres.
As noted in the above description, in' the sale from Gerhart to Kerry, Gerhart: reserved a certain tract of land which was-described by metes and bounds and by courses and distances. In the above reservation in said deed, Gerhart stated that the-tract reserved contained 30 acres; whereas, in fact, the reservation contained 60'1 acres.
By stipulation of counsel, surveys made by Paul Barber, dated June 8, 1960, and', made by Daniel D. Sandefur, dated March 23, 1959, were introduced in evidence. The-parties stated in said stipulation that the-court need not appoint a surveyor in the-instant case.
Defendant is the record owner of the property originally reserved by Gerhart in the 1910 deed referred to hereinabove..
*601 It is the contention of counsel for plaintiffs that the exception in the deed from ■Gerhart to Kerry is vague and uncertain, and that the reservation should be construed in favor of the vendee and against the -vendor, citing Harrill v. Pitts, 194 La. 123, 193 So. 562; and Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392.
On the other hand, counsel for defendant ■contends there is no ambiguity in the reservation made by Gerhart, and that the survey made by Daniel D. Sandefur, dated March 23, 1959, should be adopted by the ■court as a true and correct boundary of the properties belonging to plaintiffs and defendant.
An examination of the reservation in the ■deed from Gerhart to Kerry shows it is ■unambiguous and contains 60 acres.
In the case of Blevins v. Manufacturers Record Publishing Co., supra, the Supreme ■Court said that identification of land by .acreage or quantity is the weakest and lowest ranking of all standards or guides in describing property sought to be conveyed.
In the case of Carlisle v. Graves, (La.App., 2 Cir., 1953), 64 So.2d 456, the court ■stated that in determining boundaries and ■ascertaining meaning of descriptions in ■deeds, the statement as to acreage yields to •description of definite boundary and to all ■other means of identification, citing LSA-C.C. Article 854.
In the instant case, the sale by metes and bounds, courses and distances, must prevail over the statement in the reservation that the tract reserved contains 30 acres.
This Court is of the opinion that the trial judge correctly decided that the boundary between the respective property of plaintiffs and defendant should be fixed as shown on the plat of survey made by Daniel D. Sandefur, surveyor, dated March 23, 1959; which survey shows that the tract reserved contains 60 acres of land.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.