244 So.2d 713 (1971)
Henry GIBSON et al., Plaintiffs-Appellants,
v.
Emmett JOHNSON, Defendant-Appellee.
No. 11563.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1971.
Rehearing Denied March 2, 1971.
Writ Refused April 14, 1971.
*714 Robert G. Chandler, Shreveport, for plaintiffs-appellants.
J. C. Smith, Shreveport, for defendant-appellee.
Before BOLIN, PRICE and HEARD, JJ.
En Banc. Rehearing Denied March 2, 1971.
HEARD, Judge.
This is a boundary action instituted by plaintiffs, Henry Gibson and Carrie Gibson Thomas against the defendant, Emmett Johnson. Plaintiffs allege that as sole heirs of Ida Gibson, they have been recognized by judgment of the court and sent into possession as owners of Lot 24 of the Hopewell Subdivision of the City of Shreveport in Caddo Parish, Louisiana. Ida Gibson acquired Lot 24 on February 21, 1935 by a valid act of transfer from Bessie M. Kent, et al, sole heirs of Lawrence M. McDuffie. Lot 24, owned by plaintiffs, and Lot 25, owned by defendant Emmett Johnson, are contiguous.
In August of 1952 defendant moved a frame dwelling onto his Lot 25 and at that time Ida Gibson, deceased mother of the plaintiffs, retained George E. Dutton to survey the property lines between Lots 24 and 25. On a survey plat dated August 22, 1952, Dutton showed the Johnson house to be encroaching 12.6 feet on Lot 24. Ida Gibson then retained an attorney and made amicable demand upon the defendant to remove the house. She offered to sell the lot to defendant at that time, and finally offered to jointly employ a surveyor to establish the boundary. Defendant refused to accept any of the offers on the ground that he was not encroaching upon Lot 24.
After being recognized as the heirs by the First Judicial District Court the Gibsons filed suit requesting the Court to appoint a surveyor to determine the boundary. A plea of vagueness and an exception of nonjoinder of indispensable parties was filed by the defendant. All pleas and motions were overruled by the trial court. Defendant filed his answers and interrogatories to the plaintiffs who are residents of California. Interrogatories 1 and 3 concerned any previous surveys by Ida Gibson of the boundary. Both the Gibsons answered that a survey had been done. Defendant relied upon this as a basis for a peremptory exception of no cause of action which was overruled. The surveyor's report and plat was filed with the court and a rule to show cause why the report should not be accepted was issued. Defendant filed objections to the survey and report *715 and an answer to the rule to show cause, both alleging that the survey was improperly done and that the 1952 survey by Barnett had surveyed the boundary and precluded the Gibsons from bringing the boundary action.
Hopewell Subdivision is an old well-settled Subdivision of the City of Shreveport located in the Northeast Quarter (NE¼) of the Southwest Quarter (SW¼) of Section 5, Township 17 North, Range 13 West. The official plat of the Subdivision was recorded September 20, 1904 and dedicated all streets to the public. The 1904 plat was made and the land surveyed by George O. Wilson using the known starting point at a concrete monument in the center of Section 5. The subdivision was laid out, having a width of 396 feet and a length of 1320 feet. On May 16, 1928 a survey was made by George E. Dutton and a plat recorded which purportedly fixed the eastern boundary of Hopewell Subdivision. The plat was allegedly signed by all the landowners in the subdivision. On the plat is the certificate by George R. Wilson that the line to be determined was the same line fixed by him in 1904. This 1928 survey showed the dimensions to be 396 feet wide and 1333.3 feet long for a 13.3 foot excess over that of the 1904 plat.
George Dutton used the 1928 plat as the basis of his survey in 1952 which showed an encroachment by the defendant and prompted this action. The courtappointed surveyor, John F. Wilkerson, relied upon the 1928 plat in determining the boundary. Defendant contends that the 1904 plat is controlling and that the other surveys were erroneous. It was the finding of the trial court that the 1904 plat is controlling, and the other surveys erroneous.
The controversy here was created by the conflict between the 1904 survey plat and the 1928 "Agreement Map" made by Mr. Dutton. Plaintiffs contend that the 1928 map constitutes a resurvey of the Hopewell Subdivision and is controlling. However, the 1928 survey and map only located the eastern lines of the subdivision and makes no attempt to locate the lots on the plat. Likewise the base or beginning point for the 1928 plat is the west quarter corner of Section 5, Township 17 North, Range 13 West; while the starting point for the 1904 Subdivision plat was the center point of Section 5 where a concrete monument is set.
It is our opinion that the 1928 plat was made solely for the purpose of locating the eastern boundary of Hopewell Subdivision. This is so stated by the parties on the plat as follows:
"We, the undersigned owners, hereby agree that the boundary line between our respective properties from point A to point B is hereby fixed as per plat made by George E. Dutton May 16, 1928."
If this survey was intended as a resurvey of the Hopewell Subdivision by the parties, it would be ineffective as such because it did not follow the procedure for correcting subdivision surveys as reflected in LSA-R.S. 33:5054 (1960) which is an exact reenactment of LSA-R.S. 1437 and 2466 (1870).
It is a well-known rule that when a description refers to a plat "the plat itself with all its notes, lines, descriptions and landmarks becomes a part of and controls the grant * * *" Acadia-Vermilion Rice Irrigating Co. v. Miller, 178 La. 954, 152 So. 576, 577 (1933). Thus, since the 1904 plat is the official plat of the subdivision and because Johnson's lot was sold as per that plat, reference should have been made to the 1904 plat in determining the boundary.
Wilkerson, the surveyor, appointed by the court, testified that he did not refer to the 1904 plat at all but relied solely upon the 1928 plat, and began the survey at the southeast corner of the subdivision. The only known corner in Hopewell Subdivision is the northeast corner, the southeast corner being a purely arbitrary point *716 which can only be arrived at by running a line from the known northeast corner. When asked why he used the southeast corner, Wilkerson testified that he did so because it was nearer to Lots 24 and 25.
It has been held that a resurvey which fails to relocate or retrace the original survey and which begins at a point other than the original beginning point, is invalid. Sharon Baptist Church v. Fowler, 13 La. App. 136, 127 So. 421 (2d Cir. 1930). Our Supreme Court held the surveyor to a duty of "reproduc[ing] the lines as originally run as closely and accurately as possible." Smith v. Almond, 157 La. 265, 102 So. 330 (1924). See also Wells & Jones v. Caldwell & Cox, 23 La.Ann. 607 (1871).
Courts are reluctant to give effect to surveys that would relocate or seriously alter the boundaries of parties other than the original plaintiff and defendant. Bernard Company v. Cook, La.App., 59 So.2d 170 (Orl.1952); Thomas et al. v. Patenotte, La.App., 47 So.2d 62 (1st Cir. 1950). See also Benedict v. Veith, 7 La.App. 567 (Orl.1928). If the Wilkerson survey is accepted then all of the lots in Hopewell Subdivision would be inaccurate in measurement and their titles jeopardized.
We find no error in the trial court's ruling on the exceptions of no cause and no right of action. The defendant based this exception on the contention that the 1952 survey removed the Gibsons from the applicability of C.C. Art. 823. To be entitled to bring the boundary action the boundaries must never have been determined, or if determined, be no longer visible. How would one determine if a boundary action was necessary if he did not have markers he could check himself? On the basis of our findings that the 1904 map is controlling, there is no need to determine the issue of whether the other sixtysix lot owners in Hopewell Subdivision are indispensable or necessary parties as defined by LSA-C.C.P. Arts. 641 and 642.
For the reasons hereinabove set forth it is our opinion that the 1904 map controls the interior boundaries of the Hopewell Subdivision and that accordingly the judgment appealed is correct and it is now affirmed at appellants' cost.