327 So.2d 130 (1976)
George W. PRATHER, Plaintiff-Appellee,
v.
John VALIEN, Defendant-Appellant.
No. 5306.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1976.
Rehearing Denied March 4, 1976.
Writ Refused April 27, 1976.
*131 White & Pitre by Joshua Pitre, Opelousas, for defendant-appellant.
Davidson, Meaux, Onebane & Donohoe by Robert L. Cabes, Lafayette, for plaintiff-appellee.
Before HOOD, GUIDRY and PETERS, JJ.
GUIDRY, Judge.
This is a boundary action. The plaintiff-appellee, Dr. George W. Prather, instituted this suit against John Valien, defendant-appellant, to have the boundary between their adjacent tracts judicially established. The tracts of land involved are located near the City of Opelousas in the Parish of St. Landry. Following institution of suit the Court appointed Morgan J. Goudeau Jr., a civil engineer and surveyor, to conduct a survey of both tracts and to report thereon. The defendant answered and filed exceptions of no cause or right of action and exceptions of prescription of 10 and 20 years under R.C.C. Articles 853 and 3478. The trial court overruled the exception of no cause or right of action and referred the exceptions of prescription to the merits.
Although, Morgan J. Goudeau Jr. was the court-appointed surveyor, the actual survey and report to the court was made by one of his associates, a Mr. William H. Jarrell Jr. Neither plaintiff nor defendant objected to the substitution of Mr. Jarrell for Mr. Goudeau.
After trial on the merits the lower court found for the plaintiff and against the defendant, overruling the pleas of prescription of 10 and 20 years under R.C.C. Article 853, as well as the exception of 10 year prescription under Article 3478 and fixed the boundary between the properties of the parties at its ideal location, i.e., the line represented on the official survey of Mr. Jarrell between the points "C" and "D", copy of which is attached to this opinion. We affirm.
Plaintiff and defendant trace their record title to the tracts of land respectively owned by them to a common ancestor, Ed. Lucius Stelly Sr.
By deed dated July 21, 1943 Ed. Lucius Stelly Sr. acquired from Eli Landry a tract of land said to contain 18.32 acres. This 18.32 acre tract was surveyed previous to Mr. Stelly's acquisition by one R. M. Hollier as evidenced by a plat of survey dated December 9, 1929. Following his acquisition of this tract and by deed dated December 19, 1946 Stelly conveyed to John Valien, defendant-appellant, the following described property:
A certain tract or parcel of land situated about two miles southeast of the City of Opelousas, Parish of St. Landry, containing eight and no/100 (8.00) acres, together with all buildings and improvements located thereon, located in sections 105 and 106, township six south, range four east (T-6-S, R-4-E), and being further designated as being taken out of the northern part of a larger irregular tract of land fully described as property of Eli Landry on a plat of survey annexed to and made part of original entry no. 186556 of record in Conveyance Book Z-6 page 25 in the following manner, towit: By commencing at a point which point is formed by intersection of the western boundary line of the larger irregular tract and the southern boundary line of the tract owned by John Valien and proceeding in a southerly direction a distance of five hundred twenty-five and no/100 (525') feet, thence in an easternly direction a distance of six hundred seventy-five and no/100 (675') feet, thence in a northernly direction a distance of five hundred twenty-five feet (525'), thence in a westernly direction a distance *132 of two hundred feet (200'), back to the point of beginning and being bounded on the north by other property of John Valien, on the south by property of vendor, east by property of Mary Newman and west by property of Alpha Mouton and Herman Myles. A sketch of the property herein conveyed is annexed to this sale and the portion outlined in red represents the tract sold in this transaction. Being the same property or part of the same property that vendor herein acquired from Eli Landry on July 23, 1943 under original entry No. 217382 in Conveyance Book 0-7 page 153 of the files of the recorder's office of St. Landry Parish, Louisiana.
After the sale to Valien and on July 1, 1947 the balance of the tract originally acquired from Eli Landry was sold to Elizabeth Stelly Collins under the following description:
A certain tract of land, irregular in shape together with all the buildings and improvements thereon, and all the rights, ways and appurtenances thereunto belonging, situated about two miles southeast of the City of Opelousas, in the Parish of St. Landry, La., containing Ten & 32/100 (10.32) acres, more or less, situated in Sections One Hundred, five (105) and One Hundred Six (106), Township Six (6) South, Range Four (4) East, and being the southern ten & 32/100 acres, more or less, of the southern irregular portion of the property shown in the plat of survey made by Gerald L. Walter, surveyor, which plat is annexed to and made a part of the deed from Eli Landry to John Valien, dated November 13, 1939, and recorded as No. 186556 in Conv. Book Z6 at page 25 of the Recorder's Office of the Parish of St. Landry of St. Landry, La.
This is a portion of the eighteen & 32/100 (18.32) acres, more or less, acquired by Ed. Lucius Stelly, Sr., from Eli Landry on July 21, 1943, by deed recorded as No. 217382 in Conv. Book 0-7 at page 153 of said Recorder's Office, and has present boundaries as follows: North by a tract of eight (8) acres (being the northern eight (8) acres of the aforesaid acquisition of Ed. Lucius Stelly, Sr.) sold by Ed. Lucius Stelly, Sr. to John Valien, the present owner on December 19, 1946, by deed recorded as No. 240676 in Conv. Book 1-8 at page 499 of said Recorder's Office; South, Southwest and West by property of Herman Myles; East by property formerly belonging to Mary Newman, but now owned by Lucius Thomas.
Title to this latter tract then passed under the above description from Mrs. Collins to Cleveland Castille, to Rigby Owen, and finally to George W. Prather, plaintiff-appellee. The sale to Dr. Prather is dated December 23, 1950.
After his purchase in 1946, defendant erected a fence between his property and the remainder of the property of his vendor situated south of his acquisition. At the time Mr. Valien erected his fence Mr. and Mrs. Napoleon Collins were living on the other tract owned by Mr. Stelly. As previously indicated subsequent to the erection of the fence Mrs. Collins acquired the tract, which the plaintiff now owns.
Mr. Jarrell, the court appointed surveyor, testified that Ed. Lucius Stelly's original tract contains only 14.7951 acres which is 3.5249 short of the described 18.32 acres. The sale from Stelly to the defendant, Valien, describes the tract sold as having dimensions of 525' on the East and West boundary, 675' on the South and 200' on the North boundary. Accordingly Mr. Jarrell determined that based on these dimensions, Mr. Valien would have 4.7151 acres in his tract (See attached plat, indicated as area "A"). Using the fence as the southern boundary (indicated as line "AB" on plat) of defendant's property the surveyor indicated he would be in possession of 9.076 acres. Under this latter determination ("AB" as the boundary line) Dr. Prather would be in possession of *133 5.7185 acres, which is 4.6015 acres short of the plaintiff's described area of 10.32 acres. Jarrell testified that he could not account for the difference in acreage found by his survey and that found by Mr. Hollier, since marks used by him on three (3) sides of the property corresponded almost perfectly to the previous survey, however, Mr. Jarrell added that it was not unusual to find the acreage call at variance with the dimensions of the property given.
Defendant contends that he is entitled to the eight acres recited in his deed. We agree with the trial court's finding he is not entitled to eight (8) acres in that the property conveyed to Valien was described by metes and bounds, and such dimensions control over an acreage designation. (Basco v. Moorehead, 164 So.2d 599 (La.App. 3rd Cir. 1964). It is well settled in our jurisprudence that the identification of land by acreage or quantity is the lowest ranking of all enumerated standards in describing property. Blevins v. Manufacturing Record Publishing Co., 235 La. 708, 105 So.2d 392 (1957). The land conveyed to John Valien contained both an acreage call, and a metes and bounds description. Clearly the metes and bounds description is superior and controlling and defendant, Valien is only entitled to the property located within that measure, that is the 4.6 acres as determined by the court appointed surveyor. In addition the plat of the property which is attached to the Valien deed specifically sets out the property dimensions without any reference to acreage, and where there is an error or ambiguity with regard to a description in a deed, an attached map relating to the ambiguity or error will control. Eves v. The Morgan City Fund and Shell Oil Co., 252 So.2d 770 (La.App.1st Cir. 1971).
The trial court held that defendant's plea of prescription based on C.C. Article 853 was without merit. We agree. Prior to the filing of this suit there had been no determination by a surveyor, judicially or extra judicially, of the boundary between the two tracts of land owned by the plaintiff and defendant respectively. The evidence indicates that Mr. and Mrs. Collins consented to the defendant's erection of the fence, but at that time Mr. and Mrs. Collins were only living on the adjacent tract, they were not the record owners of the property. The record owner of the property at the time the fence was erected was Mr. Stelly and the trial court found that there was no agreement as to boundary between defendant and Mr. Stelly. The record clearly supports this finding.
It is true that after the erection of the fence by Mr. Valien, Mrs. Collins purchased the adjacent property upon which she had been living. Thus, Mr. and Mrs. Collins may be said to have actively acquiesced in the location of the boundary; however, this acquiescence by the Collins' during their short period of ownership, viz: July 7, 1947 to October 20, 1948 cannot serve to bind the successors in title of Elizabeth Stelly Collins.
The law does not permit the fixing of boundaries by an oral agreement except as between the parties themselves (Blevins v. Manufacturing Record Publishing Co., supra; Boudreaux v. Shadyside Company, La.App., 111 So.2d 891) and therefore the plaintiff is unaffected by any unwritten or unrecorded claim or equity. As stated in Boudreaux v. Shadyside, supra:
"Where third parties subsequently purchasing are concerned, a boundary is fixed according to their recorded titles and not according to a differing intention on the part of their ancestors in title at the time that the separate estates were created, Hunter v. Forrest, 183 La. 434, 164 So. 163 . . ."
Civil Code Article 853 provides:
"If the boundaries have been fixed according to a common title, or according to different titles, and the surveyor had *134 committed an error in his measure, it can always be rectified, unless the part of the land on which the error was committed, be acquired by an adverse possession of ten years, if the parties are present, and twenty years, if absent."
In the recent case of Huval v. Dupuis, 302 So.2d 636 (La.App., 3rd Cir. 1974) this court set forth the several lines of cases interpreting this article. The court stated:
"Three separate lines of cases have interpreted this article. According to the first, the ten year prescription applies in instances where there has been no prior survey, but there have been visible boundaries placed there by consent of the parties and actively acquiesced in for many years. Morris v. Prutsman, 7 La.App. 404 (La.App. 1 Cir. 1928), and dictum in Opdenwyer v. Brown, 155 La. 617, 99 So. 482 (1924). According to the second line of cases, the ten year prescription applies in instances where the lines have been fixed by survey even though the survey does not comply with C.C. art. 833 formalities, provided the parties actively acquiesce in the surveyed boundary for the requisite period. LaCalle v. Chapman, 174 So.2d 668 (La.App. 3 Cir. 1965), and suggested in Sessum v. Hemperley, 223 La. 444, 96 So.2d 832 (1957). Finally, it has been held that the ten year prescription applies only where the lines are fixed following a survey conducted pursuant to all formalities provided by C.C. art. 833. Harvey v. Havard, 225 So.2d 615 (La.App. 1 Cir. 1969).
(1) All these cases agree that regardless of the manner or method by which the lines are established, the ten year prescriptive period is not applied unless it be shown that the adjacent landowners have actively acquiesced in the location of the boundary. Blanchard v. Monrose, 12 La.App. 503, 125 So. 891 (1 Cir. 1930); Harvey v. Havard, supra; Opdenwyer v. Brown, supra; Sessum v. Hemperly, supra; and LaCalle v. Chapman, supra."
In the present case it makes no difference which of these constructions is correct. Here, there has been neither formal survey nor extrajudicial survey to which both plaintiff and defendant agreed, nor has there been shown any mutual consent to or active acquiescence by plaintiff in the fence constructed by defendant. The mere passive failure by plaintiff and his ancestors in title to object to the location of this fence cannot form the basis for ten year prescription under C.C. Art. 853. Huval v. Dupuis, supra.
Accordingly we conclude that the defendant's plea of prescription under C.C. Art. 853 must fall.
Defendant's plea of acquisitive prescription of ten years under C.C. Art. 3478 et seq. likewise, is without merit. The trial judge in his Reasons for Judgment correctly stated:
"Although defendant has possessed the property in question since 1946, his plea of acquisitive prescription of ten years must fall. The jurisprudence is clear that one may not acquire by prescription of ten years property beyond his record title. See, Blevins v. Manufacturers Record Publishing Co. [235 La. 708,], 105 So.2d 392. In the case under consideration, defendant cannot, in the face of the jurisprudence which holds a description by metes and bounds superior to acreage designation be found to have a deed translative of title to the acreage in contest, instead, for the purposes of ten year acquisitive prescription under LSA, R.S. 3478, the distances recited in his deed and the plat attached thereto must be consulted and prevail over the acreage designated."
We agree with the trial court's finding that the plea of ten years acquisitive prescription is not applicable to property not embraced within the deed upon which the plea of prescription is founded.
*135 For the reasons assigned the judgment appealed from is affirmed. All cost of this appeal are assessed against defendant-appellant.