348 So.2d 229 (1977)
John VALIEN, Plaintiff-Appellant,
v.
George Warren PRATHER, Defendant-Appellee.
No. 6071.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Rehearing Denied August 1, 1977.
Writ Refused September 27, 1977.
*230 Andrew S. Vallien, Natchitoches, for plaintiff-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Robert L. Cabes, Lafayette, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
ROGERS, Judge.
This action involving immovable property was instituted by John Valien against George W. Prather. Defendant filed exceptions of res judicata and no cause or right of action. The trial court sustained defendant's exceptions of res judicata and no cause of action from which adverse judgment plaintiff perfected a suspensive and a devolutive appeal to this court.
The two issues raised by plaintiff on appeal are that the trial court erred in sustaining defendant's exception of res judicata and that the court erred in sustaining defendant's exception of no cause of action. On August 31, 1976, plaintiff John Valien filed a petition in Twenty-Seventh Judicial District Court, St. Landry Parish, Louisiana against defendant George W. Prather, the body of which petition is copied in its entirety as follows:
"The petition of JOHN VALIEN, domiciled in the Parish of St. Landry, State of Louisiana, respectfully shows that:

1.
GEORGE W. PRATHER instituted legal action against him, JOHN VALIEN, on June 25, 1973, asking that the boundary between their adjacent tracts of land be judicially establish (sic).

2.
JOHN VALIEN, in response to PRATHER'S suit, urged the ten (10) years acquisitive prescription.

3.
The court found on June 20, 1975, that the ten (10) years acquisitive not applicable, but left the question as to actually where the boundary line should be established.

4.
The boundary line at issue is to divide a tract of land originally owned by MR. ED LUCUIS STELLY which was sold to VALIEN and PRATHER, respectively; and that at the time of the sale to VALIEN, STELLY was of the impression that he owned an eighteen (18) acres tract.

5.
On December 19, 1946, VALIEN bought eight (8) acres from STELLY in a cash sale passed before Notary Public, CHARLES BOAGNI, JR., and established his fence line in accordance with a survey made by R. M. Hollier on December 9, 1929.

6.
In 1947 MRS. ELIZABETH STELLY COLLINS acquired the remainder of ED LUCUIS STELLY'S property, described as 10.32 acres, more or less.

7.
Title to the 10.32 acquired by ELIZABETH STELLY COLLINS in 1947 later passed from her to CLEVELAND CASTILLE, to RIGBY OWEN, to GEORGR (sic) PRATHER.

*231 8.
Taken together the sale to VALIEN and the sale to PRATHER should amount ot (sic) 18.32 acres; however, a survey made on July 26, 1974, by William H. Jarrell, Jr., revealed that the original tract contained 14.7951 acres instead of 18 acres as originally stated by the original owner/seller, ED LUCUIS STELLY.

9.
Discussions as to where the boundary line should be established held between VALIEN and PRATHER with reference to the surveys made by R. M. Hollier and William H. Jarrel (sic) proved fruitless; accordingly the property should be resurveyed by a disinterested surveyor.

10.
Since PRATHER was the last purchaser, and that his tract is four (4) acres less than described in his deed, his legal remedy should be pursuant with Civil Code Articles 2494 and 2495; however, since the interim sellers no longer live in this State and may not be available to answer diminution action brought by PRATHER, the solution, therefore, in the interest of justice and fairness is to follow a procedure pursuant to the rules of equity, thus allowing both side (sic) of this litigation to share equally in the loss or gain if such be the case.

11.
Since a relief in equity is the proper course of action, it should be tried by a jury.

12.
VALIEN lives and makes his living for himself and his family on this tract of land, while PRATHER does not now nor has ever lived on the property.
WHEREFORE, VALIEN prays that:
1. There be judgment herein ordering that litigants herein equally share in the loss of four (4) acres.
2. The costs be paid equally between VALIEN and PRATHER.
3. This matter be tried by a jury, and
4. A disinterested surveyor be appointed to survey and establish the line between the two tracts of land."
On September 8, 1976, defendant filed exceptions of res judicata and no cause or right of action. The exception petition alleged that the instant matter was previously litigated between the same two parties in the suit entitled Prather v. Valien, docket number 65344½, of the Twenty-Seventh Judicial District Court, St. Landry Parish, which was decided in favor of Prather. Valien appealed that judgment to this court, whereupon we affirmed the trial court, which decision was reported at 327 So.2d 130 (La.App.3rd Cir. 1976). Valien's application for rehearing was denied by this court on March 4, 1976, and writs were refused by the Louisiana Supreme Court on April 27, 1976, reported at 330 So.2d 318 (La.S.Ct.1976).
Prather's exception petition further alleged that Valien did not have a cause or right of action against Prather because, as stated in paragraph number three of the exception:
"1. Plaintiff's petition affirmatively avers that plaintiff purchased the property in question from one Ed Lucius Stelly, there being no privity between plaintiff and defendant-exceptor herein;
"2. The plaintiff has correctly stated that in fact his relief is action against his warrantor, Ed Lucius Stelly, or subject to citation by virtue of the Long Arm Statute, and plaintiff has no remedy against this defendant."
A hearing on the exceptions was held on January 11, 1977, which resulted in a signed judgment being rendered on January 18, 1977, sustaining Prather's exceptions of res judicata and no cause of action, and dismissing Valien's suit with prejudice. Valien applied for a rehearing, which was denied, whereupon he filed this appeal to this court.
The brunt of Valien's arguments on appeal relate to the prior litigation referred to above, which was a boundary action brought by Prather against Valien. Valien urges several alleged defects and errors in regard to this prior suit, such as failure of the court appointed surveyor to follow legally *232 prescribed procedures, and failure of that prior litigation to have set a definite boundary between the two tracts of land. All these arguments, however, are without merit for they are not responsive to the issues before this court, i. e. whether or not Valien's petition states a cause of action, and whether or not Valien's attempted suit is res judicata. The proper time for making those arguments and alleging those errors was during the course of the prior litigation. Valien was afforded his "day in court", and all matters decided therein have now become final. The instant petition makes no attempt to annul that prior judgment.
In regard to the issues that are before this court, we will first consider whether the instant petition set out above states a cause of action. Paragraphs ten and eleven of the petition, and arguments made in brief by Valien, allude to his cause of action against Prather as being based "in equity". Article 21 of the Louisiana Civil Code allows a ". . . judge . . . to proceed and decide according to equity." However, in keeping with the Civil Law tradition, this principle may be invoked only ". . . where there is no express law. . . ." LSA-C.C. art. 21. In the instant suit, where Valien is seeking to have a boundary line set between two neighboring tracts of land, there is an abundance of express law covering this type situation, and thus a cause of action based on equity cannot be relied upon. LSA-C.C. arts. 823-855; LSA-C.C.P. arts. 3691-3693.
The only possible cause of action that we feel might be applicable to the facts alleged in Valien's petition is a boundary action, but we decline to affirmatively so decide other than for the purpose of considering whether the instant suit is res judicata.
Therefore, assuming that Valien's petition alleges facts sufficient to constitute a boundary action, we must compare the instant petition to the prior suit to determine if the thing demanded is the same, if it is founded on the same cause of action, and if the action is brought between identical parties. LSA-C.C. art. 2286; Bullis v. Town of Jackson, 203 La. 289, 14 So.2d 1 (La.S.Ct.1943). A review of this court's decision reported at 327 So.2d 130, and referred to above, reveals that all these requisites are met.
In regard to the applicability of res judicata, Valien's protests that the prior adjudication was incorrect is immaterial so long as it was a final judgment between identical parties, with the same object, and based on the same cause of action. Richards v. Crescent Towing & Salvage Co., 115 So.2d 894 (La.App.Orleans 1959). We therefore agree with the conclusion of the trial court that the exception of res judicata was applicable to the instant suit.
For the above given reasons, the judgment of the trial court sustaining defendant's exception of res judicata and dismissing plaintiff's action is affirmed, with all costs of this appeal to be assessed against plaintiff-appellant.
AFFIRMED.