SWIFT, Judge.
This suit concerns the ownership of a portion of a drainage canal. The defendant has appealed a judgment of the trial court finding the plaintiff to be the owner of the disputed area and enjoining the defendant from obstructing the drainage. We reverse as to the injunctive relief granted, but otherwise affirm. However, our reasons are somewhat different than those given by the trial judge.
The plaintiff, Marshall Angelle, purchased an irregularly shaped tract of land from Bertha Dupuis, et al., hereinafter referred to as “the Dupuis heirs”, by cash deeds in late March, 1976. The description of the property in these acts of sale is as follows:
That certain tract or parcel of land situated in Sections 35 and 63, T8S, R6E, St. Martin Parish, Louisiana, consisting of 1.617 acres, and having such dimensions and boundaries as are shown on that certain plat of survey entitled “Plat of Survey of Property to be Acquired by Marshall Angelle from Bertha Dupuis, et al” dated March 19, 1976, prepared by Robert L. Pate, Land Surveyor, a copy of which is attached hereto and made a part hereof, said property. being bounded northerly by Interstate Highway 10, Southerly by Leo D. Prejean, in part, in party (sic) by Charles E. Meyer, et al, now or formerly, and Bertha Dupuis, and Westerly by Melvin Dupuis. Being a portion of the property acquired by Adele Guidry Dupuis, ancestor in title of the present vendors, by Dation from Beauregard Dupuis.
The plat referred to is reproduced as follows:

*513

The defendant, Leo Darold Prejean, purchased from Bertha Dupuis on November 16, 1978, and from three of the other Du-puis heirs on April 10, 1979, the following property:
That certain parcel of land, situated in Section 35, Township 8 South, Range 6 East, Fifth Ward, East side of Bayou Teche, Parish of St. Martin, Louisiana, measuring 28.68 feet, more or less, on *514 Louisiana Highway 347, its Southeastern line, together with a depth of 170.10 feet, more or less, extending to the Northwestern line of the property of Leo Darold Prejean, depicted as the Southeastern 170.10 feet, more or less, of “Drainage Ditch” on plat of survey by Russell Caf-fery, Surveyor, dated March 19, 1976, attached to instrument of sale dated March 31, 1976, recorded in Book 729, at page 947, under Entry No. 173484 of the Conveyance Records of St. Martin Parish, Louisiana, and being bounded, now or formerly, on the Northeast by the property of Leo Darold Prejean, on the Southeast by Louisiana Highway 347, on the Northwest by the remaining Northwestern portion of that property depicted as “Drainage Ditch” on the aforementioned plat of survey, and on the Southwest by the property of Charles E. Meyer, et al. Subject to servitude of drain thereover as provided by law.
This is the property that is in dispute in this case and it is that part of the drainage ditch shown on the plat between the southerly prolongation of the western boundary of the Leo D. Prejean tract and the western boundary of La. Hwy. No. 347.
Mr. Angelle filed this suit styled, “PETITION FOR WRIT OF INJUNCTION FOR DAMAGES”, asserting that he is the record owner of the canal between the Leo D. Prejean property on the north and the tract to the south thereof leased by defendant from Charles E. Meyer, et al. The petition sets forth that in July, 1979, Mr. Prejean placed culverts in the ditch and covered them with dirt creating a ramp connecting his two tracts. It was further alleged that the culverts and ramp obstructed the drainage of Angelle’s property and having been built without his consent, the plaintiff was entitled to injunctive relief to prevent the defendant from stopping the drainage and further ordering removal of the obstruction. Alternatively, plaintiff sought a declaration that he is the owner of the drainage canal. He also sought damages for misappropriation of his property, loss of use thereof, damage to his restaurant business and attorney’s fees.
The defendant answered admitting that Angelle was the owner of the property first described hereinabove, that Prejean owned the tract to the north of the canal and that he leased the Meyer tract to the south thereof. All other allegations of the petition were denied. In a reconventional demand the defendant alleged that he is a co-owner with an undivided 3/io interest in that part of the canal immediately south of his tract, having acquired same from Bertha Dupuis and the three other Dupuis heirs by the 1978 and 1979 deeds mentioned above. Prejean prayed that his undivided interest in the canal be recognized and the suit dismissed.
Neither party alleged that he is in possession of the property in dispute. Nor was any evidence whatsoever offered to establish possession thereof or even the existence of the alleged obstruction. However, as both parties seek a declaration of their ownership of this part of the canal, we view the proceeding as one included in LSA-C.C.P. Art. 3654. Therefore, this issue must be determined under subsection (2) of the article, that is, on the basis of who has proved the better title. With this in mind we will now address the question of ownership.
In his brief the defendant acknowledges there is no dispute that the Dupuis heirs were the owners of the drainage canal when they sold to the plaintiff in 1976. He contends, however, that although his vendors were parties to such sales, the disputed portion of the ditch was not included in the description contained in the deeds. Consequently, his subsequent purchases of the undivided interests therein of the four Du-puis heirs were valid.
As we appreciate the defendant’s argument, the failure to name the Leon D. Pre-jean tract as one of the northern and one of the southern boundaries of the land conveyed to Angelle by the Dupuis heirs establishes that the disputed part of the ditch was not included in such sales.
*515 We are in accord with defendant’s position that the description in these deeds in unambiguous and parol evidence was not admissible to explain what the vendors intended to convey. LSA-C.C. Art. 2276. However, we do not agree with his interpretation of this description under the law.
In Gibson v. Johnson, 244 So.2d 713 (La.App. 2 Cir. 1971), writ refused 258 La. 347, 246 So.2d 197 (La.1971) the court said:
“It is a well-known rule that when a description refers to a plat ‘the plat itself with all its notes, lines, descriptions and landmarks becomes a part of and controls the grant * * * ’ Acadia-Vermilion Rice Irrigating Co. v. Miller, 178 La. 954, 152 So. 576, 577 (1933).”
Also, in State v. Placid Oil Company, 274 So.2d 402 (La.App. 1 Cir. 1972), writ issued 275 So.2d 778 (La.1973), affirmed in part and amended in part, 300 So.2d 154 (La.1973), it was said:
“In so contending, Placid relies upon the well established rule of law that where property is described in reference to an attached plat, the plat controls in the event of any discrepancy in description between the worded description in the lease or deed and the plat-indicated boundaries thereof. Maginnis Land & Improvement Company v. Marcello, 168 La. 997, 123 So. 653 (1929); Werk v. Leland University, 155 La. 971, 99 So. 716 (1924).”
This well settled rule of deed interpretation was also quoted in Eves v. Morgan City Fund, 252 So.2d 770 (La.App. 1 Cir. 1971), and applied by this court in Prather v. Valien, 327 So.2d 130 (La.App. 3 Cir. 1976), writ refused 330 So.2d 318 (La.1976).
Examination of the plat attached to An-gelle’s deeds readily reveals the boundaries completely delineating the 1.617 acres conveyed thereby with their courses and distances. It is obvious both from the plat and the bounding owners description in the deed that the southern line of Angelle’s acquisition is the northern boundaries of the Bertha Dupuis and Charles E. Meyer, et al. properties. This is also the southern line of the drainage ditch. If the vendors had not intended to include the disputed part of the canal in the sale, undoubtedly there would have been a line extending in a northerly-southerly direction through the canal as a prolongation of the western boundary of the Leo D. Prejean tract. Also, the distance between the southwestern corner of the land conveyed and such line would have been shown on the plat. The course and distance between the southern line of the ditch and the southwestern corner of the Prejean tract would also appear.
Thus, it is clear from the plat that all of the drainage ditch from the western boundary of the land sold to Angelle to the western line of La. Hwy. No. 347 was included in the sales from the Dupuis heirs to plaintiff. Therefore, the defendant acquired no part of the canal by the deeds of 1978 and 1979 mentioned above, because his vendors had previously sold their interests therein to Mr. Angelle by the March 1976 deeds.
The plaintiff has established a better title to the disputed property and we agree that the trial judge correctly recognized his ownership thereof.
As stated, there is no evidence in the record of the existence of the alleged culverts and ramp or that the plaintiff sustained any damages as a result of the defendant’s actions. The trial judge therefore correctly denied plaintiff’s claims for the latter, but erred in granting the injunctive relief prayed for.
For the foregoing reasons, the judgment of the district court is reversed insofar as it enjoined thd defendant from blocking the drainage canal and ordering him to remove culverts and other material therefrom. The assessment of court costs is amended as hereinafter set forth. Otherwise, the judgment is affirmed. The costs of court, including this appeal, are assessed to plaintiff-appellee and defendant-appellant in the proportions of one-half each.
AFFIRMED IN PART, AMENDED IN PART AND REVERSED IN PART.