DOMENGEAUX, Judge.
Roy 0. Martin, Jr. and Norman K. Martin claim ownership to 8.3 acres of land in Rapides Parish, which the Rapides Parish Police Jury (Police Jury), the defendant herein, contends it acquired from Roy 0. Martin Lumber Company, Inc. as part of Tract II[1] in a cash sale executed June 5, 1968, and recorded June 6, 1968, in the office of the Clerk of Court of Rapides Parish. The Martins and their predecessor in title, Roy 0. Martin Lumber Company, Inc.,[2] petitioned the district court to render *1118 a declaratory judgment establishing the limits of the property transferred by Roy 0. Martin Lumber Company, Inc. to the Rap-ides Parish Police Jury on June 5, 1968.
The June 5, 1968, deed identified Tract II in the following manner:
“TRACT # II: ALL OF THE FOLLOWING DESCRIBED PROPERTY WHICH LIES TO THE SOUTH OF THE RIGHT-OF-WAY LIMITS FOR DAM AND SPILLWAY AND THAT PROPERTY WHICH LIES BELOW THE 99.6 FEET MEAN SEA LEVEL CONTOUR LINE AND BEING PART OF THE FOLLOWING DESCRIBED PROPERTY:
[There follows a metes and bounds description of the entire tract owned by Roy O. Martin Lumber Company, Inc.] The property herein described being shown on that plat of survey dated October 15, 1967 by Louis J. Daigre, which plat is attached hereto and made a part hereof for greater certainty of description ...”
The above mentioned plat by Louis J. Daigre is reproduced at the end of this opinion. Roy O. Martin approved the plat by affixing his signature thereto beneath the designation “Tract # II”.
On the basis of the above description, the plaintiffs claim the deed transferred only that property to the south of the right-of-way limits for the dam and spillway which lay below the 99.6 feet mean sea level (MSL) contour line.
The Police Jury contends that it acquired all of that property lying south of the right-of-way limits for the dam and spillway except that property which was specifically designated on the plat as being above the 99.6 feet MSL contour line.
The two tracts in dispute are south of the right-of-way of the dam and spillway and are above 99.6 feet mean sea level. In addition, one of the disputed tracts has a western part of the dam constructed on it. However, these tracts were not shown on the plat attached to the act of sale as being above the 99.6 feet MSL contour line, although other areas above 99.6 feet were set out by a dotted contour line on the plat.
The district court ruled that the June 5, 1968, act of sale transferred the disputed tracts of land to the Rapides Parish Police Jury along with the rest of the crosshatched portion of the plat. Although the disputed tracts were not shown on the plat attached to the deed, we have outlined their approximate locations on the plat and have labeled them “A” and “B” as a convenience to the reader.
The trial judge found that there was a discrepancy between the wording of the deed and the markings on the plat, so he applied the well established rule that where there is an error or ambiguity with regard to a description in a deed, an attached map relating to the error or ambiguity will control. Casso v. Ascension Realty Co., 195 La. 1, 196 So. 1 (1940); Prather v. Valien, 327 So.2d 130 (La.App. 3rd Cir. 1976), writ denied 330 So.2d 318 (1976); Angelle v. Prejean, 391 So.2d 511 (La.App. 3rd Cir. 1980). We affirm.
Assuming that the Lumber Company did intend to transfer only that property south of the dam and spillway right-of-way which was below the 99.6 feet MSL contour line, the property comprising Tract II cannot be determined simply by reading the deed. One must still resort to the plat, which was attached to and made a part of the June 5, 1968 cash sale “for greater certainty of description”, to discover which property was above and which was below the 99.6 feet MSL contour line. The only acreage of the Lumber Company’s property which is designated as being above the 99.6 feet MSL contour line is that property in the southwest (lower left) corner of the plat which is outlined on the plat and described in its legend. Since this is the only property shown on the plat to be above the 99.6 feet MSL contour line, it follows that the remainder of the property that is south of the right-of-way limits for the dam and spillway was sold to the Police Jury as part of Tract II. We so hold.
For the above and foregoing reasons the judgment of the district court is affirmed at plaintiffs-appellants’ costs.
AFFIRMED.

*1119

. The tract was to be used, and is presently used in connection with a dam — spillway—reservoir project and was purchased by the Police Jury in lieu of acquisition by expropriation.

. On October 10, 1974, Roy O. Martin, Jr. acquired from Roy O. Martin Lumber Company, Inc. and 8.3 acre tract of land “located above the 99/6 MSL contour line in Section 84”. On February 12, 1975, Roy O. Martin, Jr. conveyed 2.4 acres of the 8.3 acre tract to Norman K. Martin. This 8.3 acre tract (marked “B” on the attached plat) along with a 1.3 acre tract (marked “A” on the attached plat) sold to Eugene A. Andries, Jr. on June 3, 1973, are claimed by the Police Jury. Andries is not a party to these proceedings.