164 So. 156

**FOURNET LAND CO., Inc., v. MARTIN FISH CO.**

No. 33527.

Nov. 4, 1935.

Mouton & Davidson and Dan DeBaillon, all of Lafayette, for appellant.

Walter J. Burke, of New Iberia, and Wise & Wise, of Morgan City, for appellee.

LAND, Justice.

This is a suit to fix the northern boundary line between the lands of plaintiff

and of defendant, the lands to the south being owned by plaintiff, and the ownership of the lands to the north being claimed by defendant.

Plaintiff alleges that it is the owner of the fractional S. E. ¼ of N. E. ¼ of section 23, township 8 south, range 7 east, Southwest district of Louisiana, and defendant alleges that it owns the fractional N. E. ¼ of N. E. ¼ of the same section, township, and range.

The lands are situated on the west bank of the Atchafalaya river where Morgan's Louisiana & Texas Steamship Company's track crosses that stream and are in what is known as the Atchafalaya Swamp.

The major portion of township 8 south, range 7 east, in which the property to be surveyed is located, is a part of the Atchafalaya Swamp, and is composed of rivers, bayous, lakes, and lagoons. The land therein is very low and swampy, and almost two-thirds of it is under water every year.

Because of the topography of the territory, neither the surveyors nor defendant's expert were able to find, as a starting-point, any natural or artificial corner or landmark established by the original surveys under the authority of the federal government within township 8 south, range 7 east. For this reason, the surveyors began the survey in the central portion of township 8 south, range 6 east.

The first survey made was opposed. A second survey was ordered and was made at what the surveyors claim to be the only available starting point in the whole

territory. This survey was likewise opposed. After taking evidence in full on the merits, the trial judge rejected the second survey, and ordered a new survey, directing the surveyors to do what the evidence shows is a physical impossibility, i. e., locate a "known corner" within the township wherein the lands to be surveyed are situated and use it as a starting point.

From this ruling of the court, the plaintiff has perfected the present appeal, and defendant now moves to dismiss the appeal on the ground that it is an appeal from an interlocutory judgment.

We do not concur in this view of the matter. A decree rejecting a survey and ordering a new survey to be made, under conditions which make its accomplishment impossible, is, in our opinion, a final judgment from which an appeal lies, notwithstanding the order for a new survey; such order being merely brutum fulmen.

"Lex Non Cogit Ad Impossibilia." The law does not compel a man to do that which he cannot possibly perform. Broom's Legal Maxims, page 167(222); U. S. v. Illinois Cent. R. Co., 170 F. 542, 95 C. C. A. 628.

The motion to dismiss the appeal is denied and overruled.

O'NIELL, C. J., dissents on the ground that the order appealed from is not a final judgment.

FOURNET, J., recused.