166 So. 666

FOURNET LAND CO., Inc., v. MARTIN
FISH CO.

No. 33527.

Feb. 3, 1936.

Rehearing Denied March 2, 1936.

See, also, 183 La. 415, 164 So. 156.

Mouton & Davidson and Dan DeBaillon, all of La Fayette, for appellant.

Walter J. Burke, of New Iberia, and Wise & Wise, of Morgan City, for appellee.

O'NIELL, Chief Justice.

This is an action to fix the boundary line between the land of the plaintiff and that of the defendant. The plaintiff owns the fractional S. E. ¼ of N. E. ¼ of section 23, in T. 8 S., R. 7 E., and the defendant owns the fractional N. E. ¼ of the same quarter section. The dispute, therefore, is over the location of the line which divides the north half from the south half of this fractional quarter section. It borders on the west or southwest bank of the Atchafalaya river, which cuts off the northeast corner of the section. This fractional section, and in fact almost all of the township, is in a very low swamp, and is overflowed almost entirely every year. The Atchafalaya river, at the bend which crosses or cuts off the northeast corner of section 23, is gradually changing its course, westward, by the erosion and caving of the west bank, and is reducing the area of the fractional northeast. quarter section. Because of these local conditions it was a difficult matter to determine accurately where the line should run between the north half and the south half of the N. E. ¼ of section 23. In fact it is admitted in the brief

for the defendant in this case that the dividing line between the north half and the south half of this quarter section was never established, and that no attempt to establish it was ever made previous to the institution of this suit.

When the suit was filed, the judge appointed two surveyors to locate the line. On account of high water, the surveyors were compelled to wait nearly a year before commencing their survey. When it was completed and filed in court, the plaintiff filed a motion to have the plat and proces verbal of the surveyors approved. The defendant filed an opposition thereto. The attorneys for the plaintiff observed and called the judge's attention to the fact that the surveyors appointed by the court had failed to refer, in their proces verbal, to the field notes of any original government survey. The judge therefore ordered the surveyors to make another survey. The judge ordered the surveyors to ascertain from the field notes of the government survey or surveys of T. 8 S., R. 7 E., or of an adjoining township, an established corner, or natural or artificial landmark, referred to in the field notes of the United States deputy surveyor or surveyors who made the original survey or surveys; and, starting from the known or established corner so ascertained, to retrace the government survey or surveys, and thereby ascertain whether the starting point adopted by the surveyors appointed by the court corresponded with an established or known corner according to the field notes of the United States deputy surveyor or surveyors who had surveyed the township under orders of the General Land Office. The judge ordered further that, if, from the retracing to be made by the surveyors appointed by him, the starting point from which they had made their survey did not check or correspond with the field notes of the government survey or surveys of T. 8 S., R. 7 E., or of an adjoining township, then that the surveyors appointed by the judge should make their survey from a corner established by the United States deputy surveyor or surveyors who had made the survey or surveys under orders of the General Land Office.

After a long delay, on account of high water, and an extension of the time allowed by the judge's order, the surveyors made another survey, and filed their plat and proces verbal in court. The survey was made by commencing at an established corner in T. 8 S., R. 6 E., because, as the surveyors reported, it was not possible to find a known or established corner or starting point in T. 8 S., R. 7 E. The result of the survey was that the dividing line between the plaintiff's land and the defendant's land was located further north than the defendant contended it should be. The plaintiff obtained a rule on the defendant to show cause why the survey made under the orders of the court should not be approved. The defendant answered that the survey should be rejected because it was made from a starting point not in T. 8 S., R. 7 E., but in T. 8 S., R. 6 E. The defendant contended that the government surveys of the two townships had been made at different times and were unrelated. The defendant contended also that

the survey made by the surveyors appointed by the judge was unreliable and incorrect, for several reasons stated in the defendant's answer. On the issues thus tendered, the case was heard; evidence was offered on both sides, and the case submitted for decision. Having taken the matter under advisement, the judge rendered an order rejecting the survey made by the surveyors appointed by him, and ordering the same surveyors to make another survey, commencing at a known point or established corner within T. 8 S., R. 7 E. The surveyors had reported and had testified on the trial of the case that it was not possible to find an established corner or starting point in T. 8 S., R. 7 E. The plaintiff, therefore, appealed from the judge's order for the surveyors to make a survey by starting from a point which, according to the surveyors' report and the evidence in the case, could not be found.

The defendant moved to dismiss the appeal on the ground that it was an appeal from an interlocutory order, and not from a final judgment. This court overruled the motion to dismiss the appeal, 183 La. 415, 164 So. 156, 157, saying:

"We do not concur in this view of the matter. A decree rejecting a survey and ordering a new survey to be made, under conditions which make its accomplishment impossible, is, in our opinion, a final judgment from which an appeal lies, notwithstanding the order for a new survey; such order being merely brutum fulmen."

This court has decided, therefore, that it is not possible for the surveyors, appointed by the judge to make the survey, to commence at an established or known corner in T. 8 S., R. 7 E. The ruling on the motion to dismiss the appeal, therefore, has disposed of the only question presented by the appeal; that is to say, whether the judge was warranted in rejecting the survey which was made under his orders, and ordering a new survey to be made by commencing at an established corner in T. 8 S., R. 7 E. Our further consideration of the evidence on the subject convinces us that the order complained of by the appellant should not have been rendered. The survey which was made under the orders of the judge, and which has been submitted for his approval, is not invalid merely because it was made by commencing at a point outside of the township in which the tracts of land to be divided are located. Of course, if an established corner or monument can be found within the township in which two tracts of land to be divided are located, or if a corner or monument on the outlines of the township can be verified by the field notes of a government survey of the township, such an established corner or monument ought to be taken as a starting point in making a survey for the purpose of locating the dividing line between the two tracts of land. But, if such a starting point cannot be found, the nearest established corner or monument in an adjoining township must be taken as the starting point. When we speak of an adjoining township, we mean, of course, one which has a boundary line in common with that of the township in which the lands to be divided are situ-

ated. According to the report and testimony of the surveyors who made the survey under the orders of the court in this case, the east boundary line of T. 8 S., R. 6 E., corresponds with the west boundary line of T. 8 S., R. 7 E., between and beyond the projections westward of the north boundary line and the south boundary line of section 23, in T. 8 S., R. 7 E.; and the projections of these lines westward across the township line are the north boundary line and the south boundary line, respectively, of sections 24, 23, etc., in T. 8 S., R. 6 E. There was therefore no good reason for the judge to reject or disregard the survey on which this case was submitted.

The judgment or order appealed from is set aside, and the case is ordered remanded to the district court for further proceedings consistent with the opinion which we have rendered. The costs of this appeal are to be borne by the defendant, appellee; all other court costs to abide the final disposition of the case.

FOURNET, J., recused.

On Application for Rehearing.

PER CURIAM.

In its application for rehearing, the Fournet Land Company, Inc., asserts that our opinion and decree might be construed so as to grant to the district judge the discretion of ordering a new survey. A reading of the opinion shows that no such right or discretion was granted to the district judge. There is no ambiguity or uncertainty.

Both applications are refused.

O'NIELL, C. J., agrees that there is no ambiguity in the decree rendered in this case, hence he sees no reason for this PER CURIAM.