JONES, Judge.
Plaintiffs sued certain contiguous landowners in Bossier Parish to have common boundaries fixed by the court. Defendants answered and reconvened, asserting the real controversy was the location of a servitude of passage. The court appointed a registered surveyor to survey the boundaries in dispute and the boundaries of the servitude of passage and file a proces verbal with the court. Other landowners in the immediate area who would be affected by the boundary determinations and by the location of the servitude of passage were added as parties defendant.
The court appointed surveyor completed the survey and filed his proces verbal attaching a map of his survey which reflects *397 the boundaries of the parties and the location of the servitude of passage. Defendants objected to the surveyor’s findings, and the case went to trial. Assigning written reasons, the trial judge accepted the survey, except for a portion of a boundary marked by a long established fence line which had been considered by the parties as the boundary at that point. The original defendants appeal. We affirm.
Defendants assign two specifications of error, both of which are attacks on the validity of the survey methods employed.
At trial, the surveyor explained the methods he used, and stated they were generally accepted methods approved by the United States Department of Interior, Bureau of Land Management. The only other expert witness, also a registered surveyor, testified the methods used by the court appointed surveyor were both proper and acceptable.
There is a presumption of correctness in favor of surveys made pursuant to court order and complying with all the formalities required by law. Brooks v. Jones, 329 So.2d 904 (La.App., 2d Cir. 1976). Defendants have offered no evidence to rebut this presumption.
The judgment of the trial court is affirmed, appellants to pay all costs of this appeal.