341 So.2d 1266 (1977)
BODCAW COMPANY, Plaintiff-Appellee,
v.
N.M. SPURLIN, Defendant-Appellant.
No. 13091.
Court of Appeal of Louisiana, Second Circuit.
January 10, 1977.
Rehearing Denied February 14, 1977.[*]
Writ Refused April 20, 1977.
Campbell, Campbell & Johnson by John T. Campbell, Minden, for defendant-appellant.
Fish & Montgomery by John W. Montgomery, Minden, for plaintiff-appellee.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied February 14, 1977.[*]
HALL, Judge.
This is an action to fix the western boundary of plaintiff's property. A court-appointed surveyor surveyed the property and filed his process verbal. Defendant objected to the survey, and after trial the survey of the court-appointed surveyor was approved by the trial judge. Defendant appeals. We affirm.
Defendant's specifications of error attack the validity of the methods used by the court-appointed surveyor. There is a presumption of correctness in favor of surveys made pursuant to court order. Lo-Bar Development Company, Inc. v. Johnson, 340 So.2d 396 (La.App.2d Cir. 1976).
Defendant relies on Smith v. Almond, 157 La. 265, 102 So. 330 (1924), for the proposition that the surveyor's duty is to reproduce the lines of the original government survey. He contends that the court-appointed surveyor must retrace the steps of the original government surveyor, beginning at the southeast corner of the township which was the required starting point for the original surveying of each township.
Smith is authority for the proposition that it is the duty of a surveyor to reproduce the lines as originally run as closely and accurately as possible. However, Smith does not require a surveyor to begin at the southeast corner of the township. The court in Smith only required the survey in that case to begin at the nearest recognized interior section corner.
*1267 The evidence discloses that the starting point of the survey in the instant case is established in relation to a recognized section corner. No witness criticized the methods used by the court-appointed surveyor as being at variance with accepted methods of surveying. Defendant's surveyor agreed it would be impractical either to begin at the southeast corner of the township (the boundary in dispute is in the western part of the township) or to rely heavily on the field notes used by the original government surveyor, which could not be retraced. In this case, unlike Smith, the line established by the court-appointed surveyor agrees closely with other surveys and possession lines in the area. We find that defendant has failed to overcome the presumption of correctness.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.
NOTES
[*] Bolin and Marvin, JJ., took no part in en banc denial of rehearing.