352 So.2d 260 (1977)
John P. HOFFMAN et al., Plaintiffs-Appellees,
v.
Roland V. McKNEELY, Defendant-Appellant.
No. 13355.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
Rehearing Denied December 5, 1977.
McKneely & McKenzie by Roland V. McKneely, Jr., Bossier City, for defendant-appellant.
Herold & Geneux by Simon Herold, Shreveport, for plaintiffs-appellees.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied December 5, 1977.
PRICE, Judge.
Roland V. McKneely has appealed the judgments rendered in these consolidated petitory actions which reject his claim to ownership based on thirty-year acquisitive prescription, and which recognize the ownership of the several plaintiffs who have recorded titles to the subject properties.
The tracts in dispute are rural lands located near Blanchard in West Caddo Parish and are referred to in the record by the parties as Tracts A, B, and C.
*261 Baker Realty Inc. and Baker Land Company brought one of the petitory actions against McKneely seeking to be declared the owners of Tracts A and C.
Ownership of Tract B is claimed in the other petitory action by numerous plaintiffs who are referred to as the Colvin heirs.
All three tracts are in Section 5, Township 18 North, Range 15 West. Tract A is the NW ¼ of the NE ¼ and is contiguous to Tract B which is the SW ¼ of the NE ¼. These tracts comprise forty acres each. Tract C is the E ½ of the SW ¼ of the SE ¼ comprising twenty acres.
While plaintiffs admit to not being in corporeal possession of the tracts involved, they claim ownership by record title dating back to 1848 and 1849 when United States patents were issued severing the property from the public domain. There is no dispute in regard to their recorded titles, and the record shows that ad valorem taxes on the property have been assessed to and paid by them.
Defendant, while admitting he has no recorded title, has reconvened claiming ownership by thirty-year acquisitive prescription. The issue is whether defendant has borne the burden of proof that he exercised sufficient adverse, overt, and unequivocal acts of corporeal possession without interruption for thirty years to establish his title by prescription under La.C.C. Art. 3499 et seq.
The trial judge found defendant did not meet his burden of proof and rendered judgment for plaintiffs in both actions. We affirm for the reasons assigned.
The facts reveal that in 1926 defendant began leasing an eighty-acre tract which was part of a larger area of wooded land near Blanchard that had been encircled by a fence to make it suitable for running cattle. The three tracts in dispute herein were also within the loosely fenced area containing approximately 600 acres. After leasing the eighty-acre tract, defendant allowed his cattle to run throughout the large fenced area which was also being used at the time by a third party, Rance Bickham, for cattle grazing. The grazing area was comprised of multiple tracts owned by various parties, some of whom were unknown to defendant and Bickham.
Between 1926 and 1969 defendant claims to have maintained the fences throughout the grazing area. The evidence shows he repaired fences adjacent to one side of Tracts A and B, and he built portions of a fence approximately forty acres east of A and B. In later years defendant also placed one or two posted signs on the property. Defendant did not prove, nor did he contend, that he had ever completely enclosed on all sides any of the tracts in dispute, or that he ever made any improvements on these lands.
The nature and extent of possession required to support acquisitive prescription is set forth in La.C.C. Arts. 3478-3505. Particularly pertinent to the present facts are Arts. 3490 and 3500 which provide that possession by permission or indulgence of another does not create legal possession or accrue prescription. Instead the possession must be "continuous, uninterrupted, public, unequivocal, and under title of owner."
The evidence shows defendant failed to establish all of the essential elements required by these articles. In 1926, defendant began using the entire fenced area for grazing cattle. He offered no proof that he used or intended to use Tracts A, B, and C differently from the rest of the tracts enclosed in the large fenced area. In fact, defendant testified that he used the entire tract just to "run the cattle." Therefore, defendant's actions and intentions regarding other parts of the grazing area are illustrative of his intentions concerning Tracts A, B, and C. In 1932, defendant withdrew his use of a seventy-seven-acre tract from the overall grazing area because a purchaser of that tract desired to employ the land for her own use. In 1947, the initial tract leased by defendant, the Rosa Delee tract, was removed from the grazing area because it too was purchased by a party who put it to another use. Subsequently two other tracts totaling 145 acres were taken from the grazing land in order *262 to comply with the uses of the land made by the record owners.
The above evidence establishes that although defendant had to some extent made use of the large grazing area, he relegated his use subject to the acts of ownership manifested by the record owners, supporting the inference that defendant did not possess any of these lands openly and adversely as owner, but rather only in the absence of complaint by the true owners. Instead of possessing with the unequivocalness required by the Louisiana Civil Code, defendant possessed with the indulgence allowed by the record owners. Thus, he did not meet the standard set forth in C.C. Art. 3490. This conclusion is bolstered by the fact that in 1945 or 1946, twenty years after defendant began using the entire fenced area, he permitted removal of timber from land immediately east of and contiguous with Tracts A and B. In addition, in 1970, he bought a tract of approximately fifteen acres situated within the fenced area located near the tracts in dispute. These acts are contrary to a claim of ownership. Although it is true that the actions referred to were acts not on Tracts A, B, or C, defendant testified that he used the entire area under fence for the same purpose, and there is no proof that his intentions concerning Tracts A, B, or C were different from the rest of the land.
Although defendant testified that he had formed a definite intent to claim ownership to Tracts A and B by 1957, he concedes that he never discussed his claim of ownership to the lands in question with anyone. He claims to have given permission to two hunters to use "his" land for hunting.
Plaintiffs presented the testimony of several nearby residents who testified they were not aware defendant was exercising any claim of ownership to Tracts A or B until the Bakers contracted to sell Tract A and the proposed purchaser was ordered off the property by defendant.
The evidence as a whole does not show defendant's claim of ownership throughout the requisite period could be considered "public" as provided by La.C.C. Art. 3500.
We are of the opinion that the facts present a defendant who merely allowed his cattle to roam some 600 acres for a few years, gradually decreasing the acreage as the dictates of the record owners surfaced, and then in the mid 1950's decided he would claim ownership to certain tracts where there had been no encounters with the true owners. In Liles, et al v. Pitts, et al, 145 La. 650, 82 So. 735 (1919), the Supreme Court declared the well established rule that one must not only possess, but must possess as owner. The burden of proof to establish prescription rests on him making the plea. Matthews v. Carter, 138 So.2d 205 (La.App. 2d Cir. 1962).
We find no error in the conclusion of the trial court that the evidence fails to establish that defendant unequivocally and publicly possessed as owner for thirty years. We affirm the judgment of the trial court rejecting the reconventional demand of Roland V. McKneely and recognizing John P. Hoffman, James L. Colvin, Crawford C. Jinks, Bertha W. Jinks, Evelyn Clark Colvin, Executrix, Succession of Gus W. Colvin, No. 230,656, Docket of First Judicial District Court, Caddo Parish, Louisiana; Jean Mansell Colvin and John M. Colvin, Jr., Provisional Co-Administrators, Succession of John M. Colvin, No. 236,837, Docket of First Judicial District Court, Caddo Parish, Louisiana; Dorothy Colvin Jordan, Mary Colvin Davis and Jeani Marcom Colvin Magee, Tutrix of the Minors, Charles Marcom Colvin, Beverly Catherine Colvin and James David Colvin as owners of:
The SW ¼ of NE ¼ Section 5, Township 18 North, Range 15 West, Caddo Parish, Louisiana.
Costs of this appeal are assessed to appellant.