HALL, Judge.
In this boundary action (LSA-C.C.P. Arts. 3691-3693; LSA-C.C. Arts. 784-796), the defendant and the intervenor (defendant’s vendor and mortgagee) appeal from a judgment of the district court establishing the boundary between plaintiffs’ property in Section 16, T 23 N, R 14 W, and defendant’s property in Section 15, in accordance with a survey prepared by plaintiffs’ surveyor, Albritton. We affirm'the judgment for the reasons set forth in the trial court’s written reasons for judgment. The trial court found that the methods employed by the plaintiffs’ two surveyors, who started from established section corners in the township and followed the original governmental plat and notes, to be more acceptable than the methods used by the appellants’ three surveyors who based their surveys on occupation lines, fences, and general evidence of boundary in the immediate vicinity, without tying their surveys into any established section corners.
Appellants argue on appeal that the trial court’s decision was in error because the Albritton survey was hastily done without a full crew, the established corners from which his survey commenced were too far away from the subject property to be of value, plaintiffs’ two surveyors differed from each other while appellants’ three surveyors were all in agreement as to the boundary line, and the acceptance of the Albritton survey would cause the boundaries of other parties in the vicinity to be relocated or seriously altered.
In establishing a disputed boundary along a section line, it is the surveyor’s duty to reproduce the lines of the original government survey as originally run, as closely and accurately as possible. Smith v. Almond, 157 La. 265, 102 So. 330 (1924); Bodcaw Company v. Spurlin, 341 So.2d 1266 (La.App. 2d Cir. 1977), writ refused 344 So.2d 381 (La.1977). If an established corner or monument can be found within the township, then that corner should be used as a starting point. Fournet Land Co. v. Martin Fish Co., 184 La. 537, 166 So. 666 (1936). See also LSA-R.S. 50:125 and 50:154.
In locating the section line between Sections 16 and 15 the surveyors directed their efforts primarily toward locating the common corner between Sections 9, 10, 16, and 15. Albritton used two established section corners as starting points. One was across the Red River in Caddo Parish and had been established as the result of litigation, being the common corner of Sections 12, 7, 13, and 18, three miles west of the disputed corner. The other established corner was the common comer of Sections 27, 26, 34, and 35, three miles south and one mile east of the disputed corner. Using these starting points and following the government field notes, Albritton located the common corner of Sections 9,10,16, and 15 at a point approximately 132 feet east of the corner as arrived at by appellants’ surveyors.
*894 Plaintiffs’ other surveyor, Barber, tied his survey into the common north corner of Sections 5 and 4 at the Arkansas state line, two miles north and one mile west of the disputed corner, as well as to the common corner of Sections 27, 26, 34, and 35 to the south. In running his survey Barber yielded to a prior measurement he had made for an oil company that conformed to occupation lines, with his location of the disputed corner falling approximately 40 feet west of the Albritton corner. Barber testified that he had checked Albritton’s survey as compared with his own and the governmental notes and he found it to be accurate.
Appellants’ surveyors, Burchett, Demopu-los & Ferguson, Inc., and Craft, all commenced their surveys at what was pointed out to them as being the disputed corner, an old fence corner where at one time or another there had been an iron pipe. Bur-chett’s survey was not tied into any other monument. Demopulos & Ferguson’s survey correlated with two other iron pipes at the corners of defendant’s property. Craft’s survey correlated with occupation lines, fences, and roads in the area. None of the appellants’ surveys were tied into any established section corners.
Although Albritton made his survey with only one helper it is not established that his measurements were inaccurate; to the contrary, his measurements were verified by Barber. Although the established corners from which he started were a considerable distance from the disputed corner, giving rise to a greater possibility of error than starting from a closer corner, these were the nearest established corners and correlations were made between the starting points and the disputed corner.
The fact that the Albritton and Barber surveys crossed Red River does not detract from their validity. Appellants’ surveyor, Craft, conceded that it is possible to survey across a river and the government field notes show that the original government surveyors surveyed across the river.
Appellants’ argument that courts are reluctant to give effect to surveys that would relocate or seriously alter the boundaries of parties other than the original plaintiff and defendant, Gibson v. Johnson, 244 So.2d 713 (La.App. 2d Cir. 1971), writ refused 258 La. 347, 246 So.2d 197 (1971), is valid but must yield to the establishment of a section line boundary in accordance with the original government survey.
The fence corner that appellants’ surveyors accepted without verification as the common corner of Sections 9, 10, 16 and 15, was not an established corner. No evidence in the record supports a finding that it was established as such by governmental survey or by long-standing recognition of owners as an established section or boundary corner.
The judgment of the district court is affirmed at appellants’ costs.
Affirmed.