JASPER E. JONES, Judge.
This petitory action concerns a twenty acre tract of land in Union Parish. The plaintiff is Johnnie V. Roan. The defendants are Augustus Carter, Earnest Carter, Geraldine Williams, Juanita Carter Furlough, Doris Carter Harris, Sherman Carter, Margaret Carter Crawford and Beleter Carter (hereinafter referred to collectively as “the Carters”). James C. Steele, Pamela Read Burgess and Louis Clayton Burgess are also defendants (hereinafter these parties are collectively referred to as “the alternative defendants”). The Carters appeal a judgment recognizing Roan as owner of the disputed property and Roan also appeals to preserve his alternative demands against the alternative defendants.
*1339 The Carters make two assignments of error. They contend the trial judge erred in finding: 1) that they and their ancestors in title had not possessed the disputed area for more than thirty years; and 2) that they and their ancestors in title had not possessed to recognized enclosures for over thirty years.
The land in dispute was formerly part of a 152 acre tract owned by L.B. Bragg. Some time in the 1930’s Bragg constructed an east-west fence across the tract. That fence, which we shall refer to as the “old” fence, divided the Bragg tract into north and south portions. The old fence is located well north of the line which would have divided the Bragg tract into equal halves and, therefore, approximately twelve acres more than half the tract lies south of the old fence.
The will of L.B. Bragg bequeathed the north half of the 152 acre tract to his children and another individual and the south half to his second wife, Anna. L.B. Bragg died in 1945 and his executrix conveyed the legacies to their respective recipients. The executrix conveyed to Anna Bragg “. .. the South 76 acres of that certain 152 acre tract of land, known as the L.B. Bragg home place ...”
Anna Bragg died in 1952 and her admin-istratrix sold and conveyed her land to Homer Armstrong. Homer Armstrong died shortly thereafter and in November, 1952, the Armstrong heirs sold “... the South 76 acres of that certain 152 acre tract of land known as the L.B. Bragg home place ...” to Modesta Carter.[1] Modesta Carter died September 16, 1974, and the Carters were placed in possession of the property by a judgment of possession in the succession proceedings signed September 29, 1977.
The twenty acres involved in this petitory action is located along the south line of the north 76 acres of the Bragg tract. The interests of the northern portion legatees in the twenty acre tract at issue here were, through a series of transactions, acquired by the alternative defendants. Steele then brought an action for partition of the twenty acres. That action culminated in the sheriff’s sale to effect a partition by licitation where Roan purchased the property.
Approximately twelve of the twenty acres purchased by Roan lie south of the old fence and are also claimed by the Carters. The ownership of this twelve acres is the subject of this dispute. Roan constructed a fence around the twenty acres and the Carters responded by bringing a possessory action against Roan in which they prevailed.
On August 15, 1980, Roan brought this petitory action against the Carters. He also made an alternative demand against the alternative defendants for the return of the purchase price and other damages if he was not recognized as owner of the property-
The Carters answered and alleged that they had possessed the disputed area for over 35 years. Steele answered and set up defenses to the alternative demand.
There was a trial on the merits and the district judge found that Roan had record title to the disputed property and that the Carters had not proven acquisitive prescription because of their failure to show possession by their ancestors in title prior to 1952. The trial judge rendered judgment decreeing Roan to be the owner of the twenty acre tract and these appeals followed.

Assignment # 1

Through this assignment of error the Carters contend that the trial judge erred in not finding that they had acquired ownership of the disputed property by acquisitive prescription of thirty years under LSA-C.C. art. 3499.
The Carters purchased their land in 1952 and this action was commenced in 1980, thus, they cannot prevail on the basis of thirty years acquisitive prescription unless they can tack their possession to that of a previous possessor. For the purposes of C.C. art. 3499 one may tack his possession to that of a previous possessor only if he, the present possessor, possesses the disputed property under some kind of title. Stutson v. McGee, 241 La. 646, 130 So.2d 403 (1961).
*1340 The Carters contend that they have title to the disputed area on the following grounds: 1) the will of L.B. Bragg provided that the 152 acre tract be divided in accord with the survey of Armand F. Rabun; 2) the old fence is on the dividing line established by Rabun; 3) the deed to Anna Bragg refers to the will and, therefore, transferred to her the property up to the old fence; and 4) the ownership of the lands up to the old fence passed through the Armstrongs and Modesta Carter to them.
This contention is flawed in at least two important respects. We first observe that neither the deed to Modesta Carter nor the judgment of possession in his succession refers to the will of L.B. Bragg or includes the disputed property. Thus, the Carters have no title to the disputed property.
Secondly, we question whether Anna Bragg had any title to the disputed area even if the Carters could somehow avail themselves of her title. This is so because there is serious question as to whether the old fence is located on the dividing line surveyed by A.F. Rabun.
The Carters rely on evidence, including plats and affidavits, to show that the old fence was constructed on the dividing line surveyed by Rabun and referred to in the will of L.B. Bragg. Mr. Rabun testified at trial and indicated he was unsure of the exact location of the dividing line he surveyed. However, he did opine that the old fence was not constructed on the line he surveyed because he did not believe he would have made an error of the magnitude necessary to locate the dividing line in the location where the old fence was constructed.
It also appears that in subsequent surveys the line referred to as the Rabun line was located, at least in part, by reference to survey marks on trees. There are two reasons to believe those marks were not made by Rabun: 1) the marks were well off the ground and it was Rabun’s practice to make his marks very low on trees; and 2) the size of the trees on which the marks were located indicates they may not have been in existence in the early 1930’s when Rabun made his survey.
We conclude that the trial judge was correct in finding that the Carters were not entitled to tack their possession under C.C. art. 3499. We also observe that even were they entitled to tack they would still fail by reason of their failure to prove possession as discussed below.

Assignment # 2

Through this assignment the Carters contend the trial judge erred in not finding that they had acquired the disputed property by acquisitive prescription of thirty years under LSA-C.C. art. 794.
The party pleading acquisitive prescription bears the burden of proving it. Hoffman v. McKneely, 352 So.2d 260 (La.App. 2d Cir.1977); Pierce v. Hunter, 202 La. 900, 13 So.2d 259 (1943); Levatino v. Williams, 396 So.2d 380 (La.App. 1st Cir.1981).
The boundary prescription established by LSA-C.C. art. 794 may be pleaded in petitory actions as well as in boundary actions. Fruge v. Lyons, 373 So.2d 220 (La.App. 3d Cir.1979); Ponder v. Fussell, 180 So.2d 413 (La.App. 1st Cir.1965).
One may tack to the possession of ancestors in title for the purpose of boundary prescription whether or not the disputed land is included within his title. Stanford v. Robertson, 144 So.2d 747 (La.App. 3d Cir.1962).
Thus, in order to prevail, the Carters must show that they and their ancestors in title have possessed as owners for thirty years without interruption and within visible bounds, lands beyond their title. C.C. art. 794. Kelley v. Stringer, 422 So.2d 189 (La.App. 2d Cir.1982).
The Carters’ plea of acquisitive prescription of thirty years must fail because of their failure to show that their ancestors in title possessed the disputed property before 1952 in order to complete the required thirty year period.
There is clear evidence that the disputed property was possessed by L.B. Bragg, however, that evidence is of no avail *1341 to the Carters. This is so because at that time L.B. Bragg owned the land on both sides of the old fence and there could be no adverse possession as one cannot prescribe against himself. Babin v. Montegut Insurance Agency, Inc., 271 So.2d 642 (La.App. 1st Cir.1972). Therefore, the Carters must show possession of the disputed property by their ancestor in title, Anna Bragg, before 1950. This they have not done.
As conceded in the Carters’ brief there is no evidence of possession of the disputed area by Anna Bragg personally. There is some evidence, in the form of testimony by Augustus Carter, that Modes-ta Carter and his family worked Anna Bragg’s land. There is no evidence: that this occurred in 1950 or before; that it included the disputed area; or that it was done for Anna Bragg alone rather than the north portion legatees or Anna Bragg and the north portion legatees.
Under these circumstances the nature and time of any possession of the disputed area during the time the south half was owned by Anna Bragg is left to speculation and conjecture. The trial judge correctly held the Carters had not discharged their burdening of proving acquisitive prescription.
For the foregoing reasons the judgment is AFFIRMED at the Carters’ costs.

. Modesta Carter and his family had worked the land for L.B. Bragg in the mid-1930’s.