ALFORD, Judge.
This litigation involves a boundary dispute between owners of contiguous tracts of land. The trial judge ruled in favor of plaintiffs-appellees, the owners of what will be referred to herein as the Howe tract, and against defendant-appellant, Lytell I. Holton, owner of the Holton tract.
Plaintiffs owned property in Ascension Parish, described as the “fractional East Half of Southeast Quarter of the Northeast Quarter of Section 2, Township 9 South, Range 3 East ... containing twenty (20) acres ...” Defendant’s tract was contiguous to and adjoined on two sides the Howe tract. (See attached map). Both plaintiffs and defendant acquired their respective tracts from a common ancestor-in-title, although plaintiffs acquired theirs first. Plaintiffs brought suit on June 24, 1981, contending that, according to a survey made by A.D. Primeaux, defendant “did sometime after January 1, 1976, take possession of a portion of petitioners’ property described as a strip of land measuring forty-three and eighty-eight-hundreds (43.-88) feet in width on Norwood Road by a depth of five hundred twenty-three and fifty-nine-hundredths (523.59) feet lying in the southwest portion of petitioners’ property.” The trial judge found for plaintiffs, upholding the Primeaux survey. Defendant brings the instant appeal.
Defendant argues first that the trial court erred in upholding the Primeaux survey because it gave plaintiffs more than the 20 acres called for in plaintiffs’ deed. Defendant thus contends that the call of 20 acres should have primed the description of the “fractional East Half of the Southeast Quarter of the Northeast Quarter of Section 2, Township 9 South, Range 3 East.” However, it is our opinion that the “fractional East Half ...” was a definitive description of the property. It is well settled in our jurisprudence that the identification of land by acreage or quantity is the lowest ranking of all enumerated standards in describing property. Prather v. Valien, 327 So.2d 130 (La.App. 3d Cir.1976), writ denied, 330 So.2d 318 (La.1976). Thus, the designation by deed of the “fractional East Half ...” primed the call of 20 acres. Accordingly, defendant’s first argument is without merit.
Defendant also contends that the trial court erred in accepting Primeaux’s survey as definitive of plaintiff’s title description. In an action of boundary the law requires proof of the boundary with legal certainty and that burden is divided equally among the contesting parties. Brooks v. Jones, 329 So.2d 904 (La.App. 2d Cir.1976), writ denied, 333. So.2d 248 (La.1976). Plaintiffs’ surveyor, Primeaux, testified extensively as to the procedure he followed. He noted that he began by checking the property descriptions. Next, he went to the state Land Office and researched the original United States governmental field notes and dimensions which laid out the sections, townships and ranges in the late *214 1800’s. He then began his field work, which included checking the existing corners and measurements and compared them to the government field notes. Pri-meaux noted that he followed the government field notes, but that some discrepancies existed because of the superior technology available today. He then laid out the full section, the quarter section, and the east half of the quarter section.
Defendant’s witness, Willard J. Cointment, Jr., a surveyor, testified concerning the survey he made in 1971. Although defendant attempts to rely on the Cointment survey as proof of boundary, Mr. Cointment testified that when he began his survey, he relied on a previous map drawn by L.Q. Huey, a surveyor, in 1938. Moreover, Cointment admitted that when he began his survey, he did not examine the government survey notes to either facilitate his survey or to check the Huey map. Cointment testified that he merely went to the Southeast corner of the section and followed the dimensions on the Huey map as to the Howe tract. Thus, Cointment did not actually survey the boundary between the east half (the Howe tract) and the west half (the Holton tract) of the southeast quarter of the northeast quarter, but merely used the dimensions provided by the Huey map.
Plaintiffs’ surveyor, Primeaux, testified that he did not use the Huey map for a number of reasons. First, he noted that the Huey map was not referenced to any section or quarter section corner as a point of reference. Primeaux then noted:
THE SECOND PROBLEM I HAD WITH MR. HUEY’S MAP WAS THAT HIS MAP OF THE SOUTH HALF OF THAT QUARTER SECTION OF SECTION 2. [SIC] AND ACCORDING TO THE GOVERNMENT NOTE, THAT SOUTH HALF SHOULD HAVE 80.2 ACRES, AND MR. HUEY IS CALLING IT EIGHTY-FOUR, SO HE’S GOT A LITTLE MORE ACREAGE THAN WHAT SHOULD BE CALLED FOR.
HE CALLS IT EIGHTY-FOUR ACRES, YET IF YOU USE THE DIMENSIONS HE SHOWS ON HIS MAP, THAT CALCULATES OUT TO BE 85.4 ACRES, SO THERE IS A DISCREPANCY THERE.
ALSO, THE NORTH DIMENSION OF THAT HALF QUARTER SECTION THAT HE SHOWED THERE, HE LISTED AS FOURTEEN HUNDRED AND TWO FEET, AND THAT’S OVER A HUNDRED FEET IN EXCESS OF WHAT THE GOVERNMENT LAID OUT BACK IN THE LATE 1800S AS THE HALF, OR THE QUARTER QUARTER SECTION. AND BASED ON THAT DIMENSION, WOULD THROW THE NORTH LINE OF THAT 20-ACRE TRACT OVER A HUNDRED FEET INTO THE KING PROPERTY, WHICH WAS THE NORTH HALF OF THAT QUARTER SECTION.
SO, WITH THAT, THEN I OVERLOOKED HIS MAP. DIDN’T USE IT IN ANY OF MY FIELD WORK.
It is a surveyor’s duty to reproduce the lines of the original government survey as closely and accurately as possible. Bodcaw Company v. Spurlin, 341 So.2d 1266 (La.App. 2d Cir.1977), writ denied, 344 So.2d 381 (La.1977). After a careful review and evaluation of the record, we cannot say that the trial court was clearly wrong in finding that the Pri-meaux survey was the more accurate depiction of the original government survey. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accordingly, defendant’s argument is without merit.
Defendant’s final specification of error is that the trial court erred in finding that defendant had not acquisitively prescribed to the disputed portion of land. Defendant argues in brief that the facts and evidence show that he possessed the disputed property with just title for a period in excess of ten years. Defendant contends that Cointment’s survey was performed in June of 1971 and that he possessed according to the survey until June 24,1981, when suit was filed, thereby interrupting prescription under LSA C.C. art. 3462. However, the boundary articles of *215 the civil code were amended, effective January 1, 1978[1], at which time defendant’s right of prescription was merely inchoate. The new boundary legislation effectively repealed article 853, which provided for acquisitive prescription by possession under an erroneous or formally defective survey. See LSA C.C. art. 795, comment (e). The burden of proof to establish prescription rests on him making the plea. Hoffman v. McKneely, 352 So.2d 260 (La.App. 2d Cir.1977). It is the opinion of the court that defendant has not met this burden. We further note that the evidence in the record does not consist of facts sufficient to establish thirty year acquisitive prescription, nor does defendant argue it in brief. Thus, defendant’s final argument is without merit.
For the above and foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant’s costs.
AFFIRMED.

*216

. Acts 1977, No. 514, § 1; No. 169 § 1; No. 170 § 1.