# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1017

**STEVEN B. FONTENOT**

**VERSUS**

**DELHOMME'S FUNERAL HOME, INC., PROFESSIONAL COLLECTION SERVICES, INC., JAMES KING AND/OR JAMES A. DORSA, JR., DFH INSURANCE COMPANY, INC., AND PCS INSURANCE COMPANY, INC.**

**\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2002-5091
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
### JUDGE

**\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

**S. Stephen Spring, II**
**733 East Airport Avenue, Suite 104**
**Baton Rouge, LA  70806**
**Counsel for Plaintiff-Appellant:**
    **Steven B. Fontenot**

**Charles M. Rush**
**P.O. Box 53713**
**Lafayette, LA  70505**
**Counsel for Defendant-Appellee:**
    **Delhomme's Funeral Home, Inc.**

**PAINTER, Judge.**

Plaintiff, Steven B. Fontenot, appeals the trial court's judgment dismissing his appeal for failure to pay costs timely. Finding no error in the trial court's judgment, we affirm.

## FACTS

On March 5, 2008, Plaintiff filed a motion to annul a judgment denying him pauper status. The trial court, on March 11, 2008, denied the motion ex parte for failure to state any grounds for annulment. In denying the motion, the court noted that the appropriate way to challenge a ruling on a denial of pauper status would be by writ application. On May 29, 2008, Plaintiff filed a motion for appeal of the March 11 denial of his motion to annul. The appeal was granted on June 5, 2008. On May 13, 2008, a notice of the estimated costs of appeal was sent to Plaintiff giving him until July 3, 2008 to pay. On July 18, 2008, he filed a motion to extend the time to pay the estimated costs of appeal. The court denied the motion noting that it was untimely because the costs were due by July 3, 2008. In October 2008, Defendant, Delhomme's Funeral Home, moved to dismiss the appeal as abandoned, and the matter was set for a hearing. On March 12, 2009, Plaintiff paid $1000.00 of the appeal costs. A hearing was held on March 16, 2009, and judgment issued dismissing the appeal on April 17, 2009. Plaintiff appeals that judgment.

## DISCUSSION

Plaintiff argues that dismissal of his appeal pursuant to La.Code Civ.P. art. 2126 is a harsh remedy and should not have been used to deprive him of his appeal.

Louisiana Code of Civil Procedure Article 2126 provides that:

> A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the

1

record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.

B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.

C. The appellant may question the excessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.

D. After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs and the actual costs if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.

E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:

(1) Enter a formal order of dismissal on the grounds of abandonment; or

(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.

This article grants the trial court the discretion to dismiss the appeal as abandoned where the appellant fails to pay the costs within the time specified. In this

2

case, Plaintiff failed to pay the costs timely, failed to move for an extension of time prior to the expiration of the time to pay the costs, and, finally, attempted a partial payment of appeal costs well after opposing counsel moved to dismiss the appeal. Therefore, we find no abuse of discretion by the trial court in dismissing the appeal, and we decline to overturn the dismissal.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court dismissing Plaintiff's appeal is affirmed. Costs of this appeal are to be paid by Plaintiff-Appellant, Steven Fontenot.

**AFFIRMED.**