# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 21-460


**BRYAN ARNOLD RICHMAN, JR.**

**VERSUS**

**THE TRAVELERS INDEMNITY COMPANY, ET AL.**



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-1756
HONORABLE DERRICK D. KEE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Van H. Kyzar, and Jonathan W. Perry, Judges.


**DISMISSAL OF APPEAL AFFIRMED.**

**David J. Calogero**
**David J. Calogero, APLC**
**202 Magnate Drive**
**Lafayette, LA 70508**
**(337) 298-0240**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Shannon T. Rhodus**
**Climax Portable Machine Tools, Inc.**
**The Travelers Indemnity Company**

**Steven Broussard**
**Michael J. Williamson**
**Rachel K. Couvillion**
**Broussard & Williamson**
**1301 Common Street**
**Lake Charles, LA 70601**
**(337) 439-2450**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Bryan Arnold Richman, Jr.**

**SAVOIE, Judge.**

Defendants Shannon Rhodus, Climax Portable Machine Tools, Inc. ("Climax"), and The Travelers Indemnity Company ("Travelers") seek review of the trial court's judgment dismissing their appeal for failure to pay the estimated costs of appeal as required by La.Code Civ.P. art. 2126. Defendants also ask us to review the judgment that is the subject of their appeal that was dismissed. For the reasons that follow, we affirm the trial court's dismissal of Defendants' appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a May 12, 2016 auto accident between Plaintiff Bryan Richman, Jr. and Defendant Shannon Rhodus. Following a four-day jury trial on the issue of damages in September 2019, the trial court rendered a judgment on October 23, 2019, in favor of Mr. Richman in accordance with the jury's verdict. Thereafter, Mr. Richman filed a Motion for Judgment Notwithstanding the Verdict (JNOV). The trial court granted the motion and increased the amount of general damages awarded to Mr. Richman.[1]

While Mr. Richman's Motion for JNOV was pending in the trial court, Defendants filed a motion to deposit funds in the amount of the October 23, 2019 judgment, plus legal interest, into the registry of the trial court, and they also sought a ruling requiring Mr. Richman to execute a satisfaction of judgment and cancellation of judicial mortgage. The trial court granted Defendants' motion as prayed for on December 3, 2019.

On June 15, 2020, Mr. Richman filed a motion seeking to unconditionally withdraw the funds from the registry of the trial court, as well as a determination

---

[1] Defendants' appeal of this judgment, along with the district court's judgment taxing costs in favor of Mr. Richman, and the district court's denial of Defendants' exception of improper venue is the subject of a separate matter bearing this court's docket number 21-459.

that legal interest continues to accrue on the amount of the judgment due to the conditions associated with the withdrawal of the funds (i.e. execution of satisfaction of judgment and cancellation of mortgage) and Defendants having never made an unconditional tender of the sums owed.

Following a hearing, the trial court signed a judgment on July 27, 2020, ordering that Mr. Richman "is allowed to unconditionally withdraw all funds from the registry of the court previously deposited by Defendants[,]" and "that legal interest continued to accrue on all funds deposited into the registry of the court until the date of this ruling, July 15, 2020."

On September 10, 2020, Defendants filed a Motion for Suspensive Appeal of the July 27, 2020 judgment. An order granting the motion was signed on October 5, 2020. The clerk of the trial court thereafter submitted an estimated cost of appeal on November 9, 2020, which included $38,226.59 for copies of pleadings, exhibits, and transcripts, $300.00 for the court reporter, and $336.50 for the Clerk of Court of Appeal.

On or about January 5, 2021, Defendants submitted a check to the Calcasieu Parish Clerk of Court in the amount $336.50, but, according to Defendants, the payment was rejected as it was not in the full amount of the estimated costs of appeal.

On January 21, 2021, Mr. Richman filed a Motion to Dismiss Defendant's Motion for Suspensive Appeal of the July 27, 2020 judgment in accordance with La.Code Civ.P. art. 2126(E). He noted that Defendants had not paid the estimated costs of appeal within twenty days of the notice and had not otherwise sought an extension or time to pay or a reduction of costs, despite the express requirements of La.Code Civ.P. art. 2126.

2

Following a hearing on February 23, 2021, the trial court signed a judgment on the same day granting Mr. Richman's motion and dismissing Defendants' appeal of the July 27, 2020 judgment.

Defendants now appeal the February 23, 2021 judgment dismissing their appeal of the July 27, 2020 judgment. Defendants further seek review of the July 27, 2020 judgment. They assert the following as assignments of error:

1. The [Trial] Court committed error dismissing Defendants' suspensive appeal from the judgment of July 27, 2020.

2. The [Trial] Court committed error in its judgment of July 27, 2020[,] which awarded [P]laintiff additional legal interest after the judgment proceeds were deposited into the court registry.

## ANALYSIS

We will first review the trial court's dismissal of Defendants' appeal of the July 27, 2020 judgment.

Louisiana Code of Civil Procedure Article 2126 states in pertinent part as follows (emphasis added):

A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.

B. **Within twenty days** of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.

C. The appellant may question the excessiveness of the estimated costs by filing a written application for reduction in the trial court **within the first twenty-day time limit**, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.

D. After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs and the actual costs if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.

E. **If the appellant fails to pay the estimated costs**, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, **shall**:

(1) Enter a formal order of dismissal on the grounds of abandonment; or

(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.

As stated by this court in *Fontenot v. Delhomme's Funeral Home, Inc.*, 09-1071, p. 2 (La.App. 3 Cir. 4/7/10), 33 So.3d 1100, 1102, *writ denied,* 10-1064 (La. 9/3/10), 44 So.3d 687, "[t]his article grants the trial court the discretion to dismiss the appeal as abandoned where the appellant fails to pay the costs within the time specified."

On appeal, Defendants suggest the trial court erred in dismissing their appeal of the July 27, 2020 judgment because the estimated costs of appeal were largely duplicative of the estimated appeal costs associated with Defendants' separate appeal of, *inter alia,* the trial court's judgment granting Mr. Richman's JNOV and increasing damages, and because the estimated costs of that prior appeal were subject to a pending motion to traverse or reduce costs.[2]

---

[2] Mr. Richman also sought to dismiss Defendants' prior appeal of the trial court's judgments granting the motion for JNOV, increasing damages, and denying Defendants' venue exception due to Defendants' non-payment of estimated costs associated with that appeal. However, the district court denied that motion pursuant to a judgment signed February 23, 2020, in light of a pending motion to traverse the costs of that appeal, but also ordered that Defendants had ten days to pay the estimated costs, or, alternatively, a hearing was set for March 10, 2021,

However, we note, as did the trial court, that Defendants failed to file a motion seeking to reduce the estimated costs of appeal associated with the appeal of the July 27, 2020 judgment, as contemplated by La.Code Civ.P. art. 2126(C). The fact that Defendants filed a motion challenging the estimated costs associated with a *wholly separate* appeal does not relieve Defendants of their obligation to comply with La.Code Civ.P. art. 2126 with respect to their subsequent appeal of the July 27, 2020 judgment.

Defendants further argue that the following language from *Pray v. First National Bank of Jefferson Parish*, 93-3027, p. 1 (La. 2/11/94), 634 So.2d 1163, 1163 supports a finding of error on the part of the trial court in dismissing their appeal:

> The primary purpose of La.Code Civ.Proc. art. 2126's authorization to dismiss appeals for non-payment of costs is to dismiss the appeal as abandoned, in those cases in which the appellant files a timely appeal and thereafter decides not to pursue it. A secondary purpose is to ensure prompt payment of costs of appeal by dilatory appellants. The focus of district courts in deciding Article 2126 motions to dismiss should be on securing payment of costs in order to move appeals forward rather than on dismissing appeals, although obviously not abandoned, simply because a motion was filed (as in this case) immediately after expiration of the twenty-day period for paying the costs.
>
> The district court abused its discretion in this case by immediately dismissing the appeal, which the appellant clearly had not abandoned, without affording the appellant a brief extension of time for payment of costs.

Unlike in *Pray,* however, Mr. Richman did not file a motion seeking dismissal immediately after the expiration of La.Code Civ.P. art. 2126(B)'s twenty-day payment deadline. Rather, Mr. Richman filed his motion to dismiss

on Defendants' motion to traverse. It is unclear from the record before us what subsequently transpired with respect to Defendants' payment of estimated costs for the prior appeal; however, that appeal was not dismissed and is the subject of this court's docket number 21-459.

5

nearly two months after the notice of the estimated costs. In addition, the hearing on the motion was held over one-hundred days after the notice of estimated costs. Defendants failed to provide any justifiable reason as to why, by the date of the February 23, 2021 hearing, they had not either paid the estimated costs or otherwise sought to have the estimated costs reduced. Their reliance on a motion to reduce estimated costs associated with a completely different appeal is insufficient.

In *Fontenot*, 33 So.2d at 1102, we concluded that there was no abuse of discretion by the trial court in dismissing an appeal when the appellant "failed to pay the costs timely, failed to move for an extension of time prior to the expiration of the time to pay the costs, and, finally, attempted a partial payment of appeal costs well after opposing counsel moved to dismiss the appeal."

We similarly conclude that, given Defendants' failure to pay the estimated costs, seek an extension, or seek a reduction of estimated costs, not only within the twenty-day time frame *required* by La.Code Civ.P. art. 2126, but also within the one-hundred days between the date of notice of estimated costs and the date of the hearing on the motion to dismiss, the trial court did not abuse its discretion in dismissing Defendants' appeal of the July 27, 2020 judgment. Dismissal under these circumstances is expressly allowable in accordance with La.Code Civ.P. art. 2126(E).

Because the dismissal of the appeal was not in error, Defendants' appeal of the July 27, 2020 judgment is not properly before us, and we, therefore, will not consider it.

6

## DECREE

For the reasons stated above, the trial court's February 23, 2021 judgment dismissing Defendants' appeal of the trial court's July 27, 2020 judgment is hereby affirmed. Costs of this appeal are assessed to Defendants Shannon Rhodus, Climax Portable Machine Tools, Inc., and The Travelers Indemnity Company.

**DISMISSAL OF APPEAL AFFIRMED.**