**MEGAN BYAS AND**　　　*　　　**NO. 2023-CA-0115**
**EMMANUEL HILL**

　　　　　　　　　　　*

**VERSUS**　　　　　　　**COURT OF APPEAL**

　　　　　　　　　　　*

**LOUIS W. TURNER AND**　　**FOURTH CIRCUIT**
**JOYCELYN HUNTER**　　　*
**TURNER**　　　　　　　**STATE OF LOUISIANA**

　　　　　　　* * * * * * *


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-00382, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Rosemary Ledet)


Megan Byas
Emmanuel Hill
2364 North Tonti Street
New Orleans, LA 70117


　　　PLAINTIFFS/APPELLANTS, IN PROPER PERSON


Taylor C. Stone
THE LAW OFFICE OF TAYLOR C. STONE, LLC
627 Cherokee Street, Suite 205
New Orleans, LA 70118


　　　COUNSEL FOR DEFENDANTS/APPELLEES


　　　**MOTION TO DISMISS GRANTED; APPEAL DISMISSED**

　　　　　　　　　　　　**DECEMBER 11, 2023**

This is a boundary dispute between neighbors. Plaintiffs/appellants, Megan Byas and Emmanuel Hill (collectively "Byas"), appeal the June 27, 2022 judgment of the district court, which granted the peremptory exception of prescription in favor of defendants/appellees, Louis W. Turner and Jocelyn Hunter Turner (collectively the "Turners"), and dismissed Byas' petition. We dismiss the appeal for lack of jurisdiction.

Byas[1] and the Turners, respectively, own adjoining properties located on North Tonti Street and Spain Street in New Orleans, Louisiana. Byas purchased her property in 2020, and the Turners purchased their property in 2007. On January 14, 2022, Byas filed a Petition for Petitory Action, Damages, and a Temporary Restraining Order alleging that a pool and surrounding fence located in the rear of the Turners' property encroaches on Byas' property. On March 29, 2022, the Turners filed an exception of prescription seeking dismissal of Byas' claim based on thirty-year acquisitive prescription.[2] The Turners argued that the pool and

---

[1] Megan Byas is the record owner of the North Tonti Street Property. Emmanuel Hill is her spouse and co-plaintiff in this litigation.

surrounding fence had been in place for more than thirty years and that they were entitled to tack their possession to that of their ancestors in title, Herbert J. McCollum, Sr. and Alva M. Honore McCollum (collectively the "McCollums").[3] On June 16, 2022, Byas opposed the exception, arguing that the Turners could not tack the McCollums' possession to their possession because, at the time the pool and fence were constructed, the McCollums owned both the Byas property and Turner property. Byas argued that, under former La. C.C. art. 3514 (repealed in 1983)[4] and *Roan v. Carter*, 427 So.2d 1337, 1341 (La. App. 2d Cir. 1983), where the ancestors in title owned the land on both sides of the fence, there could be no acquisitive prescription as one cannot prescribe against himself. On June 24, 2022, the district court held a hearing on the exception where all parties were represented by counsel. The district court rejected Byas' argument, particularly noting former Article 3514's repeal. On June 27, 2022, the district court rendered judgment, which found thirty-year acquisitive prescription in favor of the Turners, granted the exception, and dismissed Byas' claim.

On July 27, 2022, Byas, in proper person, timely filed a motion for devolutive appeal, which the district court signed. On the same date, counsel for

---

[2] "Ownership and other real rights in immovables may be acquired by the prescription of thirty years without the need of just title or possession in good faith." La. C.C. art. 3486.

[3] "When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds." La. C.C. art. 794. "The possession of the transferor is tacked to that of the transferee if there has been no interruption of possession." La. C.C. art. 3442.

[4] Former La. C.C. art. 3514 provided that "[o]ne cannot prescribe against his title."

2

Byas filed, and the district court later signed, a motion and order to withdraw stating that Byas terminated counsel's representation as they wished to represent themselves. On July 28, 2022, the district court mailed notice of estimated appeal costs to the parties, which were due within twenty days.[5] On August 25, 2022, the Turners filed a motion to dismiss the appeal because Byas had not paid the estimated appeal costs.[6] The district court set a hearing on October 7, 2022, but Byas was unable to appear due to illness. The hearing was continued to January 13, 2023; and Byas appeared in proper person. The district court entered a judgment on January 13, 2023, which dismissed the appeal as abandoned. Byas did not file a new motion for appeal or an application for supervisory writ seeking to reinstate the appeal. No record of payment of appeal costs appears in the record.

Notwithstanding the district court's dismissal, the record was lodged in this Court on February 27, 2023; and the parties filed briefs. On August 4, 2023, the

---

[5] The record indicates that the district court did not sign the order withdrawing counsel until August 8, 2022; and because counsel remained enrolled until then, the notice of estimated appeal costs was sent on July 28, 2022 to counsel of record, rather than Byas in proper person. Even so, no argument is made that Byas did not receive the notice of estimated appeal costs.

[6] La. C.C.P. art. 2126 governs dismissal of appeals for failure to timely pay appeal costs and provides, in relevant part:

> E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
>
> (1) Enter a formal order of dismissal on the grounds of abandonment; or
>
> (2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
>
> F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.

Turners filed in this Court a motion to dismiss the appeal, arguing that the district court correctly dismissed the appeal due to late payment of appeal costs. The Turners seemingly concede that appeal costs were paid on January 12 or 13, 2023, the day before or the day of the hearing. On August 8, 2023, Byas filed an opposition to the motion, arguing that the district court erred in dismissing the appeal where Byas ultimately paid the appeal costs, albeit late.

We find that we are constrained to dismiss the appeal because this Court lacks jurisdiction. After the district court dismissed the appeal, Byas failed to seek review of that ruling during either the thirty-day delay for filing a suspensive appeal established by La. C.C.P. art. 2123 or the sixty-day delay for filing a devolutive appeal established by La. C.C.P. art. 2087. A district court's judgment – dismissing the underlying appeal as abandoned – is a distinct, final, and appealable judgment. *See, e.g., In re Singleton*, 22-285 (La. App. 5 Cir. 3/1/23), 360 So.3d 70; *Richman v. Travelers Indem. Co.*, 21-460 (La. App. 3 Cir. 6/8/22), 344 So.3d 205, *writ denied*, 22-01060 (La. 11/1/22), 349 So.3d 3; *Fontenot v. Delhomme's Funeral Home, Inc.*, 09-1017 (La. App. 3 Cir. 4/7/10), 33 So.3d 1100; *Louisiana Bd. of Massage Therapy v. Fontenot*, 04-1525 (La. App. 3 Cir. 5/4/05), 901 So.2d 1232; *Reed v. Columbia/HCA Info. Serv., Inc.*, 99-1315 (La. App. 5 Cir. 4/25/00), 761 So.2d 625 (exercising appellate jurisdiction over rulings granting motions to dismiss appeals for failure to pay costs timely).

Byas sought to appeal the June 27, 2022 judgment of acquisitive prescription; but, once costs were not paid timely, the district court held a hearing

4

on the Turners' motion and dismissed the appeal on January 13, 2023. That January 13, 2023 judgment was a separate judgment, which has gone unchallenged in this Court because Byas did not appeal it. Stated another way, Byas did not appeal the dismissal of her appeal.

Consequently, this Court lacks jurisdiction to determine whether the district court correctly dismissed the appeal. Moreover, we are without authority to reinstate the appeal, and we lack jurisdiction to consider the correctness of the underlying acquisitive prescription ruling. We must, therefore, dismiss the appeal for lack of appellate jurisdiction. The Turners' motion to dismiss the appeal is granted, and the appeal is dismissed.

**MOTION TO DISMISS GRANTED; APPEAL DISMISSED**